SEGER *v*. SPURLOCK.

Opinion delivered May 19, 1894.

1. *Tax-sale—Right of minor child to redeem homestead.*

A minor child's right to use and enjoy his deceased father's homestead during minority is a sufficient ownership to entitle him to redeem the entire homestead from a sale for taxes, and not merely that part of the homestead to which he would be entitled as heir upon reaching his majority.

2. *Redemption from tax-sale—Improvements.*

A purchaser of land at a tax-sale is not entitled to the value of improvements made thereon after a tender has been properly made by one entitled to redeem from the tax-sale.

Appeal from Clay Circuit Court in Chancery, Western District.

JAMES E. RIDDICK, Judge.

*F. G. Taylor* for appellant.

The minor could only redeem his interest in the homestead, and not the whole. 7 So. Rep. 492; Black, Tax Titles, sec. 175; Mansf. Dig. sec. 5778; Gantt's Dig. sec. 5172; 2 Desty, Tax, p. 875; 47 Ark. 504; 53 *id*. 400; 42 *id*. 215.

*G. B. Oliver* for appellee.

1. Appellee, being the only minor child, was entitled to the entire homestead, to the exclusion of the other children. 47 Ark. 504; 53 *id* 400. His interest was such as to entitle him to redeem the whole. 42 Ark. 215; 39 *id*. 580; Desty, Tax. p. 878.

2. By the tender the legal title vested in appellee, and no improvements made thereafter were a charge on the land. 52 Ark. 146. Nor can minors be improved out of their homestead rights. 47 Ark. 456; 29 *id.* 633; 37 *id.* 316; 52 *id.* 381; 55 *id.* 369.

BUNN, C. J. D. L. Spurlock, Sr., father of appellee, died, leaving surviving him four children; he being seized and possessed, at the time of his death, of the lands in controversy, which he occupied as his homestead, which were subsequently sold for non-payment of taxes, and one Arthur Bunnell became the purchaser thereof, through whom appellant claims as purchaser.

The homestead rights of three of the children of Spurlock having lapsed by their arrival at their respective majorities, the appellee, while yet a minor, instituted this suit, after taking proper preliminary steps, to redeem the homestead from said forfeiture and sale, and appellant answered, denying appellee's right, especially as to anything more than his share of the same, and claiming back taxes paid and value of improvements. There was an agreement entered into to the effect that appellant in possession might make certain improvements to be offset by rents, after the institution of the suit, to-wit: clearing and fencing land and building a cellar.

1. Right of minor child to redeem homestead.

The main question was, whether or not appellee, D. L. Spurlock, Jr., minor as aforesaid, had a right to redeem the whole homestead estate, the interests of the other children having ceased as aforesaid? The decree of the court below was to the effect that such was the minor's right.

This court, in the case of *Kessinger* v. *Wilson*, 53 Ark. 400, which, for the purpose of the argument, was a case like the one at bar, said: "Until the younger reached his majority, it (the homestead) remained set apart as 'a place, a sanctuary, to which he

or she might return to find the shelter, comfort and security of a home' during his or her minority. As an entire homestead, it remained the home of both. Although the land constituting it descended to them subject to be sold to pay the debts of their father's estate, it could not have been lawfully severed or diverted from the full occupancy and enjoyment by both of them as a home during the minority of either of them. Their homestead right was like a joint tenancy with right of survivorship. As each of them arrived at age, his interest in it expired. After the older reached her majority, the younger was entitled to the exclusive use and enjoyment of the land as a home until he become twenty-one years old."

It follows, then, that if entitled to redeem at all, he was entitled to redeem the entire homestead, for he was then the surviving owner of the whole of it.

In *Sanders* v. *Ellis*, 42 Ark. 215, this court said (quoting from *Woodward* v. *Campbell*, 39 Ark. 584) : "Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or encumbrance on land, amounts to such an ownership as will entitle the party holding it to redeem." This definition seems broad enough to cover every conceivable interest in land, whether the terms be long or short, or the estate be of greater or less value.

In so far, therefore, the decree of the court below is affirmed.

The court, through its commissioner appointed for the purpose of stating an account between the parties— on the one hand, for rents and profits, and, on the other, for taxes paid and improvements made—found the balance in favor of appellant amounting to the sum of $227.27, and so decreed. From this part of the decree

<strong>2. Tax-purchaser's right to improvements.</strong>

plaintiff appealed, on the ground that the item of $250 for building house and kitchen was erroneous, and should not have been made a charge against him.

It appears from the testimony that, at the date of the making of the tender for taxes paid, and the value of improvements made, to-wit, about the middle of September, 1890, all the lumber that was subsequently used in the construction of the house had been purchased and paid for by appellant, and was on the ground, and a man was working on the foundation. So the house was not built before the tender was made, and we have no way of ascertaining just what the value of the work done and materials placed up to that time. In *Bender* v. *Bean*, 52 Ark. 132, all that the purchaser at tax-sale for taxes paid and improvements made, and all that the redeeming owner, for rents and so forth, is entitled to is fully set forth. The making of the tender to the purchaser is the point at which title changes, and conditions are reversed. Up to that time no rents are due from the purchaser, while all monies paid out for taxes and the value of all improvements he has made, are due to him. Improvements made afterwards, and taxes paid afterwards, except by contract, are no charges against the owner, or on the land, and the purchaser in possession is bound for rents accruing after that date. This principle of the law sustains the appellee's contention as to the $250, and the same, from all that appears, should not have been made a charge against him; and, this item being eliminated from the account, the balance would be the sum of $22.73, and in favor of the appellee. This balance may or may not disappear when it is ascertained how much of the work was done on the house, and how much of the material was actually fixed in the building before the tender was made. For the error referred to, the decree is reversed, and the cause re-

manded to correct the account, if not already correct, under the rule stated; and appellant will pay the costs of this appeal.

Riddick, J., was disqualified.