## MOORE v. IRBY.

Opinion delivered February 23, 1901.

1. TAX SALE—MINOR'S RIGHT OF REDEMPTION—VESTED RIGHT.—Where the law in force at the date of a tax forfeiture gave to the infant owner a right to redeem until two years after he should come of age, such right cannot be divested by a subsequent act of the legislature. (Page 103.)

2. SAME—RIGHT OF MINOR TO REDEEM.—Sand. & H. Dig., § 4641, as amended by act approved March 7, 1895, does not cut off a minor's right to redeem lands sold to the state for taxes in cases where the state has disposed of them, but provides the manner in which proceedings shall be had before the commissioner of state lands while the lands still belong to the state. (Page 103.)

Appeal from Desha Chancery Court, Watson District.

JAS. F. ROBINSON, Chancellor.

*J. W. Dickinson,* for appellant.

Minors have a right to redeem. Sand. & H. Dig. § 4596. Chancery is the proper forum. *Id.* § 1115; 52 Ark. 143; 41 Ark. 59; 43 Ark. 296. A sale of land by tax purchaser does not displace the right to redeem. 56 Ark. 551; 43 Ark. 296; 41 Ark. 59.

*F. M. Rogers,* for appellee.

BUNN, C. J. This is a petition by the appellant, as next friend of a minor, to the Watson district of the Desha chancery court, to redeem the lands therein named (tendering all taxes, penalties and costs) from a forfeiture for the non-payment of the taxes of 1889, and sale made thereunder to the state, and to remove cloud upon title. Demurrer was interposed by the defendant, Albert Z. Irby, to the complaint, and this demurrer was sustained, and, on failure of plaintiff to plead over or amend, the complaint was dismissed for want of equity, and the plaintiff appealed to this court. Mrs. Bettie Irby, mother of said minor, Stephen W. Irby, and also of Annie M. Perkins, a daughter by another husband, died intestate on the 21st day of November, 1881, seized and possessed of the lands in controversy, and leaving surviving her the said children, as her only heirs at law. Annie M. Perkins died intestate in 1894, not hav-

ing arrived at her majority, and without issue, and Stephen W.
Irby became the sole owner of said lands by inheritance from his
mother. The plaintiff, Mattie E. Moore, a sister of Bettie Irby,
after the latter's death, took charge of and reared said children, both
then of tender years, and continued to pay the taxes on said lands
for them until 1889, when for want of means she was unable to do
so further, and thus for the non-payment of the taxes of 1889 said
lands were forfeited to the state, and were so certified by the clerk
of said county. The general assembly passed an act, which was
approved on the 14th April, 1893, organizing the Red Fork
Levee District, and therein donated the lands in the district which
had been previously forfeited for the non-payment of taxes, and
the lands in controversy were included in this list. Subsequently
the Red Fork levee board sold the land to Albert Z. Irby, the
defendant in this case, and it is charged in the complaint that he
is the uncle of Stephen W. Irby, and had full knowledge of all
the facts, and that the lands belonged to his nephew.

The only question in the case is the right of the minor to
redeem the land. Section 6615 of Sand. & H. Dig., which is a sec-
tion of the act of 1883 under which were the forfeiture and sale of
the lands in controversy, provides that "all lands, town or city lots,
or parts thereof, which may hereafter be sold for taxes at delin-
quent sale, under the laws of this state, may be redeemed at any
time within two years from and after the sale thereof, and all
lands, city or town lots, belonging to insane persons, minors or
persons in confinement, and which have been or may hereafter be
sold for taxes may be redeemed within two years from and after the
expiration of such disability." It appears from this that, notwith-
standing the lands had been certified to the state, the minor's right
to redeem continued until two years after he should come of age.
The right of redemption in minors is reiterated in section 4596 of
Sand. & H. Dig., in the chapter devoted to the disposition and
management of state lands; the only restriction in that chapter
being section 4601, which says its provisions shall not apply to town
or city lots that have been disposed of by the state. The state
acquired its right to the land subject to the minor's right to redeem
under the law in force at the time, and this right of the minor
could not be divested by any subsequent act of the legislature.

But the defendant contends that section 4641 of Sand. & H.
Dig., as amended by act approved March 7, 1895, cuts off the right
of redemption, where the state has disposed of the land. That

section, as amended, does not declare that the right of redemption ceases when the state has disposed of the land, but, in connection with sections following, only provides the manner in which proceedings for redemption shall be had before the commissioner of state lands, while the lands still belong to the state.   It does in no way affect rights already fixed by law as to the right itself and the title.   The amendment contained in the act of 1895, of section 4641 of Sand. & H. Dig., does make this change, and none other, to-wit, that, while the original law (section 4641) restricts the right of redemption to the owner, the amendatory act extends the right to the owner's heirs and assigns.

The decree is reversed, and the cause remanded, with directions to overrule the demurrer to the petition, and to enter a decree in accordance with this opinion.

BATTLE, J., absent.