COWLEY *v.* SPRADLIN.

Opinion delivered December 11, 1905.

1. HOMESTEAD—RIGHT OF MINOR TO SELECT.—Where a tract of land of 64 acres, contiguous to a tract of 96 acres on which a decedent's residence was situated, was cultivated by him as part of his farm, and so could have been selected by him as a homestead in his lifetime, although he never made selection thereof, the right to make selection inures to the benefit of his minor children. (Page 193.)

2. SAME—MODE OF SELECTION BY MINOR.—Since infants cannot make a selection of a homestead where the parent has failed to do so in his lifetime, it is the duty of the court of chancery, when application is made by infants to redeem from a tax forfeiture, as part of their homestead, lands contiguous to that on which the dwelling is situated, to appoint commissioners to lay off and select the homestead for them. (Page 194.)

3. SAME—HOW LAID OFF.—Primarily, the selection of an infant's homestead should be made for his benefit; but it should also be laid off in such manner as not to injure capriciously or arbitrarily others who may be interested. (Page 194.)

4. SAME—REDEMPTION FROM TAX SALE.—The homestead estate is a sufficient interest to enable a minor to redeem the entire estate from a tax sale. (Page 194.)

5. TAX SALE—REDEMPTION BY MINOR—TERMS.—The privilege of redemption from a tax sale, which a minor may exercise until the expiration of two years after he has reached his majority, is given upon condition that he pay to the tax purchaser the full cash value of improvements

made after two years from the date of the tax sale and all taxes and costs incurred by the tax purchaser in procuring the land and keeping the taxes paid, with interest thereon. (Page 194.)

6. SAME—REDEMPTION—RIGHT OF MINOR TO RECOVER RENTS.—A minor suing to redeem from a tax sale, without tendering the taxes paid and the value of the improvements made by the purchaser, is not entitled to rents until the purchaser filed his answer denying the right to redeem. (Page 194.)

Appeal from Faulkner Chancery Court; THOMAS B. MARTIN, Chancellor; reversed.

STATEMENT BY THE COURT.

J. O. Cowley died in 1886 or 1887, owning lands in Faulkner County in the following shape as shown by plat:

Cowley at the time of his death had his residence on the land at the place designated by star. He left four children. The lands designated on plat as 81 acres and 64 acres (total 145 acres of fractional S. W. ¼, section 31, township 8 north, range 11 west) are the tracts in controversy. The 145 acres are held by appellee under a donation deed obtained through forfeiture for taxes for the year 1892. H. A. Cowley, Mattie B. Cowley, J. C. Cowley, a minor, by Mattie B. Cowley as next friend, and Mrs.

R. E. Baker, formerly Cowley, brought this suit to redeem. They seek to redeem the 64 acres contiguous to the tract on which the residence is situated, by virtue of the homestead right, and an undivided one-half interest in the residue (81 acres). Two of the children were of age, and barred by limitation at the time of the institution of the suit. Appellants allege that the lands were worth $45 per annum rental. They pray that the court fix the amount for redemption, and that they be allowed $105 for rent. They make no tender of the amount of taxes and improvements.

The answer denied all material allegations of the complaint, set up title under donation deed, alleged amount paid for donation $16, and value of improvements $250.

The chancellor refused to allow appellants to redeem the 64 acres under homestead right, but held that they were entitled to redeem an undivided half interest in the entire tract of 145 acres. He allowed $231.74 for taxes and improvements, and fixed the amount of rents at $141.46. He deducted the rents from amount allowed for taxes and improvements, leaving a balance of $90.28, which he decreed to be a charge on the land, and half thereof ($45.14) to be paid by appellants, and also half the costs.

*J. C. Clark,* for appellants.

1. The homestead provided for in the Constitution inures to the benefit of the minor children. Kirby's Digest, § § 3882, 3883.

2. Claim for improvements not made under color of title should be disallowed. A certificate of donation gives no color of title. 48 Ark. 183. If not made in good faith, the claim is not allowable. 50 Ark. 485, 491. Nor where the improvements are made with knowledge and disregard of owner's rights. 46 Ark. 333; 65 Ark. 311. Claimant must prove his want of knowledge. 10 Am. & Eng. Enc. Law, 245, 251 and note 3. Minors cannot be improved out of their homesteads. 61 Ark. 26; 47 Ark. 445.

*J. T. Harper* and *Sam Frauenthal,* for appellee.

1. The right of homestead of the minors is limited to the identical land impressed as homestead by the father. 29 Ark. 280; 31 Ark. 145; 33 Ark. 399; 41 Ark. 94; 37 Ark. 303; 55 Ark.

126. After two years from date of tax sale the minor had no estate or title in the land—had only a privilege to redeem. 52 Ark. 132.

2. Certificate of donation gives color of title. 71 Ark. 386; *Ib.* 390. The purchaser is entitled to full cash value of improvements made after two years from date of tax sale. Kirby's Digest, § 7115.

3. There was no tender of taxes and improvements before suit. Appellants were not entitled to rents until rendition of decree. 52 Ark. 132; 65 Ark. 305.

WOOD, J., (after stating the facts.)   1. Sec. 4, art. 9, of the Constitution is as follows: "The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding 160 acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars," etc.

The 64 acres which appellants seek to redeem under the right of homestead were contiguous to the 96 acres upon which the father of appellants lived and had his home at the time of his death. Moreover, the proof showed that they were cultivated by him together with the home place as "a farm." The homestead character was duly impressed upon this 64 acres by the father before his death. The proof shows that the home place and these 64 acres did not exceed in value $2,500. Therefore, no other impressment was necessary than the occupation as a home of the place contiguous to these 64 acres; for by this all the world had notice that the 64 acres contiguous could be selected by the owner as a part of his homestead. *Clements* v. *Crawford County Bank,* 64 Ark. 7. The 64 acres, taken in connection with the 96 acres, were not claimed to be unreasonable or arbitrary in shape, and thus injurious to others. The owner had the right to select his homestead in that form. *Sparks* v. *Day,* 61 Ark. 570.

At the death of the parents the homestead vests in the minor children. Const. art. 9, § § 4 and 10. The designation of the number of acres and the particular tracts for the homestead does not have to be made by the owner until the necessity therefor arises. If parents die without making the selection, the right to do so inures to the benefit of their minor children. Const. art.

9, § 10, *supra.* They are then the owners of the homestead. They are the remaining members of the family circle, who need the asylum which the law has wisely provided to protect them from dependence and want. *Tumlinson* v. *Swinney,* 22 Ark. 400; *Harbison* v. *Vaughan,* 42 Ark. 539. As infants are not *sui juris,* they cannot make the selection for themselves, for they might not make a selection that would be for their benefit. It is, therefore, the duty of a court of chancery, when application is made by infants to redeem, under the homestead estate, lands contiguous to that upon which the dwelling is situated, to appoint a commissioner or commissioners to lay off and select the homestead for them within the limitations of the Constitution, according to the well-recognized rules of law governing the selection of a homestead. *Grimes* v. *Luster,* 73 Ark. 266. Primarily, the selection must be made for the benefit of the infants, and then in such manner as not to capriciously or arbitrarily injure others who may be interested. *Sparks* v. *Day,* 61 Ark. *supra.* It is held in *Seger* v. *Spurlock,* 59 Ark. 147, that a minor may redeem the entire homestead from tax sale, and the homestead estate is a sufficient interest to enable the minor to redeem the entire estate—the fee—from such sales. *Seger* v. *Spurlock, supra; Waterman* v. *Irby,* 76 Ark. 551; *Smith* v. *Thornton,* 74 Ark. 572; *Wilks* v. *Vaughan,* 73 Ark. 174. The court erred therefore in refusing appellants the right to redeem the entire estate in the 64 acres.

2. By the tax sale all the estate in the lands in controversy passed to appellee. *Craig* v. *Flanagin,* 21 Ark. 319. Appellants had only the privilege of redeeming "from and after the sale" until the expiration of two years after they had reached their majority. Kirby's Digest, § 7095; *Bender* v. *Bean,* 52 Ark. 132.

In order to redeem, the minors must pay to the purchaser at tax sale, for the improvements made after two years from the date of sale, the full cash value thereof, which is a charge upon the land. They must also pay all taxes and costs incurred by the tax owner in procuring the lands and in keeping the taxes paid, with interest thereon. *Bender* v. *Bean,* 52 Ark. 132. See also *McCann* v. *Smith,* 65 Ark. 305. It does not appear from the complaint or any proof in the case that there was any tender of taxes and the value of improvements, and that appellee refused

same. Appellants, therefore, were not entitled to any rents until appellee filed his answer denying the right of appellants to redeem. *Bender* v. *Bean,* 52 Ark. *supra.* See also *Seger* v. *Spurlock,* 59 Ark. *supra.* For the errors indicated the decree is reversed, and the cause will be remanded for further proceedings according to the rules of equity, and not inconsistent with this opinion.