## COOK *v.* JONES.

### Opinion delivered July 23, 1906.

1. PLEADING—OBJECTION—WAIVER.—Though the trial court erred in sustaining a demurrer to a cross-complaint, instead of treating it as a motion to make the pleading more specific, defendant can not complain if he refused to amend. (Page 46.)

2. Tax sale—right to redeem.—As the right of a landowner to redeem his land from a tax sale is conferred by the statute, and does not exist independently of it, the requirements of the statute must be substantially complied with by one who seeks to redeem. (Page 46.)

3. Same—sufficiency of redemption.—An attempt to redeem land from a tax sale is ineffectual where the owner failed to file the treasurer's receipt showing payment of the redemption money with the county clerk, as required by section 7099, Kirby's Digest. (Page 48.)

4. Removal of cloud—jurisdiction of equity.—It was not error to transfer an ejectment suit to equity upon the allegations of defendant's cross-complaint that the title was in himself and that plaintiff's deed was a cloud upon his title. (Page 48.)

5. Appeal—question not raised below.—An objection not considered in the trial court that appellee's tax title was void because the land was sold for an excess of taxes will not be considered on appeal. (Page 48.)

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; reversed.

### STATEMENT BY THE COURT.

This suit was begun by appellee against appellant in ejectment in the Chicot Circuit Court for the east half of the southwest quarter of section 1, township 14 south, range three west.

The plaintiff claimed title and right of possession by virtue of a tax deed made by the State Land Commissioner conveying the land to him, upon a sale made to the State for the alleged nonpayment of taxes for the year 1900. This cause was transferred to the Chicot Chancery Court upon motion of the defendant, who alleged in his answer and cross-complaint that the land had been redeemed from this sale for the taxes of 1900, before the expiration of the two years for redemption, and exhibited his redemption certificate, and further alleged that the sale for the nonpayment of taxes was void for several reasons. (These reasons are the same as in *Cook* v. *Ziff Colored Masonic Lodge, ante,* p. 31.) Therefore defendant alleged that the deed of the Commissioner of State Lands conveyed no title to plaintiff, that it was a cloud upon defendant's title, and defendant prayed that the same be canceled. The court sustained a demurrer to the first, second and seventh grounds of objection to the sale, and appellee was given permission to amend his answer, but refused to do so, and excepted to the ruling of the court, and prayed a cross-appeal here.

The cause was heard upon proof taken before the chancellor. We will state and comment upon so much of it as may be necessary to determine whether or not the court erred in rendering a decree in favor of appellee.

*Baldy Vinson,* for appellant.

1.   The statute points out specifically what shall be done to effect a redemption, one provision being that the treasurer's receipt shall be immediately filed with the clerk of the county court by the person receiving the same, and the receipt, when so filed, shall operate as an extinguishment of all rights, either in law or equity, conferred by such sale. Kirby's Digest, § § 7099 and 7102. Being a statutory right, it must be complied with to become available as a defense. 51 Ark. 458; 21 Ark. 322.

2.   The clerk's certificate of publication sufficiently complies with the requirements of the statute. 46 Ark. 96; 49 Ark. 266; 50 Ark. 390; 55 Ark. 192; *Ib.* 213; 56 Ark. 93; 61 Ark. 36; 65 Ark. 601; 71 Ark. 390; *Ib.* 211; 73 Ark. 557; 86 S. W. 1008; 89 S. W. 844, Kirby's Digest, § § 7102, 7086.

*E. A. Bolton,* for appellee.

1.   It is shown beyond question that the money to redeem the land was paid to the county treasurer, and that he issued a certificate showing the redemption. Whether or not the duplicate certificate was filed with the clerk is disputed. There was a substantial compliance with the statute.

2.   The sale for nonpayment of taxes was void, there having been levied against the land ten mills for "compromise bonded indebtedness," and the act authorizing such levy having been declared unconstitutional. 73 Ark. 399.

3.   The sale was void for failure of the clerk to comply with the statute. Kirby's Digest, § § 7083 to 7086. He must have made a certificate at the foot of the record of the list of delinquent lands, before the day of sale, showing affirmatively that every requirement of the law essential to the validity of the sale has been complied with before the sale can be upheld. The writing signed by the clerk is no certificate. It fails to identify any newspaper in which the list was published, the date of publication, the length of time published before the day of sale, and bears no date to show that it was made before the day of sale. These

facts must appear by the record, and can not be supplied by oral testimony. 55 Ark. 30; 51 Ark. 34; 55 Ark. 221; 140 U. S. 634; 68 Ark. 250; 65 Ark. 595; 61 Ark. 36; 74 Ark. 583.

WOOD, J., (after stating the facts.)   1.  Appellee in his cross-appeal does not urge in his brief a reversal of the lower court for its ruling in sustaining the demurrer to the first, second and seventh paragraphs of appellee's cross-complaint.   These paragraphs were probably not technically demurrable; but, if the court erred in sustaining a demurrer to these, appellee is not prejudiced, because he refused to make more specific, and it is obvious that the paragraphs were defective in stating general conclusions without setting out any of the facts upon which they were based.   Treating the demurrer as a motion to make more specific, the court did not err in sustaining it; and as appellee refused to amend, he can not complain.

2.   The sufficiency of the certificate of the clerk in evidence to establish the record of the certificate required by sec. 7086 of Kirby's Digest is decided in *Cook* v. *Ziff Colored Masonic Lodge, ante,* p. 31.   The statement made by the clerk on the record is the same in this case as in that.

3.   The appellee contends that the land in controversy was redeemed.   The statutes prescribing the method of redeeming land sold for taxes are found in Kirby's Digest, § § 7095-7102, inclusive.   Sec. 7095 grants the privilege of redeeming "within two years from and after the sale."   Sec. 7096 provides that, when lands are redeemed, it shall be the duty of the clerk of the county court to insert a minute of such redemption on the record of lands sold for taxes, the date thereof, and by whom made, and sign the same officially.   The next section provides that all applications for redemption of lands sold for taxes to the State or individuals shall be made to the county clerk of the county court of the county, etc., in which the land was sold. The next section provides for the deposit with the treasurer of the county of the amount required to redeem according to the certificate of the county clerk showing the amount, and provides that the treasurer shall notify the purchaser that the amount is in the treasury subject to his order.   Secs. 7099, 7100 and 7102 are as follows:

"Sec. 7099.   Upon the presentation of such certificate of

the clerk of the county court to the county treasurer, and upon the payment of the money to the treasurer as aforesaid, he shall give the person making such payment duplicate receipts therefor, describing the land, town or city lot, or part thereof, as the same is described in or upon the certificate of the clerk of the county court aforesaid, one of which receipts shall be registered by the treasurer and immediately filed with the clerk of the county court by the person receiving the same, and thereupon the clerk of the county court shall forthwith cancel the sale and transfer of such land, city or town lot, and such receipt when so filed shall operate as an extinguishment of all rights, either in law or equity, conferred in any way or manner by such sale.

"Sec. 7100. In all cases where such deposit shall be made within two years from the time of the sale of such lands, town or city lots, or any part thereof, for delinquent taxes, the clerk of the county court shall, at the request of the person presenting the receipt of the county treasurer for such deposit, note such fact on the back of said certificate, and sign his name thereto. When any tract, town or city lot, or any portion thereof, is thus redeemed, or any deposit with the county treasurer is thus made, it shall be the duty of the clerk of the county court to note such redemption or deposit, the date thereof, and by whom made, on his record of tax sales, and sign his name officially thereto.

"Sec. 7101. When any joint tenants, tenants in common, or coparceners shall be entitled to redeem any land or lot, or part thereof, sold for taxes, and any person so entitled shall refuse or neglect to join in the application for the certificate of redemption, or from any cause can not be joined in such application, the clerk of the county court may entertain the application of any one of such persons or as many as shall join therein, and may make a certificate for the redemption of such portion of said land or lot, or part thereof, as the person making such application shall be entitled to redeem.

"Sec. 7102. Lands sold to the State may be redeemed within two years after sale, subject to the same restrictions, conditions and regulations as hereinbefore described in relation to the redemption of lands sold for taxes, by the application to the clerk of the county court, and payment of the same amount and

penalty hereinbefore mentioned, and the taxes which would have accrued thereon if such land or lot had been continued on the tax books and the taxes extended to the county treasurer, and the amount due the State shall be paid by the county treasurer to the county collector, who shall give duplicate receipts therefor, stating in such receipts the amount belonging to each fund separately, one of which shall be immediately forwarded by the treasurer to the Auditor, and the other to the clerk of the county court, who shall make quarterly reports to the Auditor of the amounts due the State on account of redemption of any land sold the State as herein provided. It shall be the duty of the clerk of the county court to make a note thereof on the record book of such sale provided for in this act."

Without setting out the evidence in detail, it suffices to say that it shows that the requirements of the statute have been complied with, except that there was no receipt of the treasurer filed with the county clerk as required by sections 7099 and 7102, showing that the amount necessary for redemption had been paid into the treasury. It appears from this section that such receipt, when so filed, shall operate as an extinguishment of all rights, either in law or equity, conferred by sale. The clerk, not having the receipt, did not note such redemption or deposit, the date thereof and by whom made on his record of tax sales and sign his name officially thereto, as required by sections 7100 and 7102 of the Digest. Redemption is a privilege conferred by statute. It does not exist independent of it. *Thompson* v. *Sherrill,* 51 Ark. 458; *Craig* v. *Flanagin,* 21 Ark. 322. The requirements of the statute ought to be substantially complied with by those entitled and seeking to avail themselves of the privilege. The court erred in holding that there was a redemption.

4. The court did not err in transferring this case to the equity court. Appellee alleged and showed title; and if the tax sale was void, and the deed of the Commissioner of State Lands a nullity, as he claims, he had the right to have it canceled as a cloud on his title.

5. The contention of appellee that the land was sold for more taxes than the law requires, in that there was levied upon the land a tax of ten mills for *compromise indebtedness,* for which it was sold, does not appear to have been presented spe-

cifically to the trial court. Appellee refused to amend the general allegation of his cross-complaint, under which it could have been presented, had he so amended it. But, inasmuch as he did not give the trial court an opportunity to pass upon that question, no error is presented in the ruling of the trial court concerning it, for no ruling was made.

For the errors indicated the judgment is reversed, and the cause is remanded with leave to amend pleadings, take further proof if so desired, and to proceed in a manner not inconsistent with this opinion.