## NELSON *v.* PIERCE.

### Opinion delivered June 14, 1915.

1. REDEMPTION—NATURE OF RIGHT.—Redemption is a privilege, a favor conferred by statute and does not exist independent of it, and the requirements of the statute must be substantially complied with by those seeking to avail themselves of the privilege.
2. TAX SALES—TIME OF REDEMPTION.—Lands were sold to appellee in June, 1911, for the non-payment of the taxes of 1910, *held*, an action to redeem, filed in February, 1914, more than two years after the date of the sale, which did not question the validity of the sale, but which sought only to redeem from it, no deed having been made to appellee, was not brought in time.

Appeal from Baxter Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Allyn Smith,* for appellant.

1. The complaint stated a cause of action. The title of a delinquent owner is cut off only by the tax deed, and it is the tax deed only that is *prima facie* evidence of the validity of the tax sale. The deed not having been

executed, the burden was on the purchaser, if he denied the plaintiff's allegation of the right to redeem, to show the validity of the tax proceedings under which he claimed; and not until the issuance of the deed would the burden of proof shift to the delinquent owner to show the defects in the tax proceedings. Kirby's Dig., § § 7095, 7103, 7104; 21 Cal. 291; 82 Am. Dec. 738; 4 Wheat. 77; 5 *Id.* 116; 6 *Id.* 119; 7 Cow. 88; 17 Am. Dec. 502; 4 Hill, 92; 40 Am. Dec. 259; 89 *Id.* 773; 60 *Id.* 636; 25 Md. 153; 42 Ala. 289; 23 Conn. 189.

2. The title to the land is in the delinquent owner until the tax deed is actually issued, and until that time he has the right to redeem.

*Z. M. Horton,* for appellee.

The demurrer was properly sustained. The complaint on its face shows that appellant did not offer to redeem until after the expiration of two years from the date of the tax sale, and offers no reason why he should be allowed to redeem other than the fact that no deed had been issued. The right to redeem is a statutory privilege only, and under the statutes he could redeem only *within* two years. Kirby's Dig., § 7095; see also § § 7094, 7096 to 7102 inclusive; 51 Ark. 453; 80 Ark. 43; 28 Ark. 304; 76 Ark. 551; 37 Cyc. 1392; 110 Wis. 296.

SMITH, J. Appellant was the plaintiff below, and alleged in his complaint that he was the owner of certain lands there described, which had been sold to appellee, F. F. Pierce, in June, 1911, for the nonpayment of the State and county taxes for the year 1910; but that no deed had been executed and that the lands were, therefore, subject to redemption. Appellant alleged a tender to the county treasurer of a sum sufficient to redeem from said sale, and he prayed that he be allowed to redeem from the said sale and that the county clerk be required to issue him a redemption certificate, and that the certificate of purchase issued to the tax purchaser be cancelled and held for naught.

Appellees demurred to the complaint on the ground that the facts stated did not constitute a cause of action under the laws of this State; and the court sustained the demurrer and dismissed the complaint, and this appeal has been prosecuted from that order.

Appellant bases his cause of action upon sections 7095, 7103 and 7104 of Kirby's Digest. Section 7095 of Kirby's Digest provides that all lots sold for taxes under the laws of this State may be redeemed at any time within two years from and after the sale thereof, with a proviso that lands and lots belonging to certain persons under disability may be redeemed at any time within two years after the expiration of such disability.

Section 7103 provides that at any time after the lapse of two years from the time of sale of any tract of land for taxes, if the same shall remain unredeemed, the clerk of the county court, on production of the certificate of purchase, shall execute and deliver to the purchaser a deed of conveyance for the tract or lot described in such certificate, and that section also provides a form of deed to be so executed. Section 7104 of Kirby's Digest provides that the deed provided for by section 7103 shall be signed by the clerk of the county court in his official capacity and acknowledged by him before some officer authorized by law to take acknowledgments of deeds, and when thus executed shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the lands conveyed, and also all the right, title and claim of the State and county thereto, and shall be *prima facie* evidence that all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had any part or action in any transaction relating to or affecting the title conveyed or purporting to be conveyed by the deed, and that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done.

Appellant insists that the effect of the sections quoted is to give the owner of the property the absolute right to redeem his land from any sale for taxes for a pe-

riod of two years after the date of the sale, and that there is a presumptive right to redeem at any time prior to the execution of a deed by the clerk to the tax purchaser.

The complaint did not allege that the tax sale from which appellant seeks to redeem was void, but he says that this allegation is unnecessary for the reason that at all times prior to the execution of the tax deed the burden rests upon the tax purchaser to establish the validity of the tax sale upon which his purchase is based; that the *prima facie* presumption of regularity arises only upon the execution of the deed, and that there is no presumption of regularity prior to that time.

(1-2) It is unnecessary here to decide the correctness of this position, as the tax purchaser is not seeking to assert any right under the tax sale. Upon the contrary, this is an action to redeem, and affirmative relief is asked only by the appellant. This court has frequently held that "redemption is a privilege, conferred by statute; it does not exist independent of it. *Thompson* v. *Sherrill,* 51 Ark. 453, 458; *Craig* v. *Flanagin,* 21 Ark. 322. The requirements of the statute ought to be substantially complied with by those seeking to avail themselves of the privilege." *Cook* v. *Jones,* 80 Ark. 48. The complaint in this cause was filed on the 4th of February, 1914, which was more than two years subsequent to the date of the tax sale, and as appellant does not question the validity of the tax sale, but seeks only to redeem from it, we must hold that he has not made his application to redeem within the time limited by the statute for that purpose and that the action of the court below in sustaining the demurrer to his complaint was proper.

Affirmed.