HART, J., (after stating the facts). The decree of the chancellor was based on the ground that the redemption by Higbee was valid. The validity of the redemption is attacked on two grounds. First, it is claimed that appellee did not pay the amount required by law to redeem, and second, that the receipt from the treasurer was not filed in the office of the county clerk as required by the statute. It appears from the record that in making out the redemption certificate the deputy county clerk by miscalculation as to the amount of penalty due made it a little over $6.00 less than the true amount and that the county treasurer allowed the owner to redeem by paying this amount. It is insisted that the owner was bound to tender the full amount and that he can not be relieved from a mistake of fact made by the-officer. The right to redeem is given by the statute and the owner must apply for the redemption, but it is the duty of the officer in such eases to give the information necessary as to the amount to be paid for the redemption. Under our statutes the county clerk is the legal custodian of the book containing the entries of taxes and costs. All applications for redemption must be made to him and he must issue a certificate of redemption showing the amount of taxes, penalties and costs due. Upon presentation of such certificate of the county clerk to the county treasurer and upon payment of the money to the treasurer the latter is required to give duplicate receipts therefor. Kirby’s Digest, 7095-7102. In the present case a certificate of redemption was issued to the land owner by the deputy county clerk in the discharge of his official duties and the owner had a right to rely upon it as containing the correct amount of taxes, penalty and costs due toy him. The owner was not negligent in failing to examine the certificate of redemption to see if it was correct. If the tax-payer was authorized to believe the certificate was correct at the time it was issued and that it covered all that was due to the State for the redemption of the land, he could rest under that belief and ordinary care and prudence would not require him to examine the certificate for mistakes thereafter. We are of the opinion that the owner might rely, and in good faith act, upon the certificate of redemption and that the payment of the sum contained in it was effectual as a statutory redemption. 37 Cyc. 1419; Cooley on Taxation, Vol. 2, page 1048; Forrest v. Henry 23 N. W. (Minn.) 848; Hintrager v. Mahoney et al., 43 N. W. (Iowa) 522; The Corning Town Co. v. Davis, 44 Iowa, 622; Dietrick and Wilson v. Mason, 57 Pa. St. Repts. 40; O’Connor v. Gottschalk et al., (Mich.) 111 N. W. 1048; Martin v. Barbour, 140 U. S. 634; Gage v. Scales, 100 Ill. 218; Nelson v. Churchill, 93 N. W. (Wis.) 799; and Reed v. Rankin, 4 N. E. (Ill.) 504. This rule is in accord with the principles announced in our decisions holding that where a tax-payer makes an attempt in good faith t'o pay his taxes and is prevented by the mistake, negligence or other fault on the part of the collector, that the sale of his land for non-payment of taxes is void. Robertson v. Johnson, 124 Ark. 405; Scroggin v. Ridling, 92 Ark. 630, and Kinsworthy et al. v. Austin, 23 Ark. 375. To sustain his contention that -the redemption failed because the owner did not file the receipt from the county treasurer with the county clerk as required by the statute, counsel relies upon the case of Cook v. Jones, 80 Ark. 43. In that case there was no attempt to comply with the statute on the part of the land owner. There was no receipt of the treasurer filed or attempted to be filed with the county clerk showing that the amount necessary for redemption had been paid into the treasury. Here the facts are to the contrary. The owner did all th^t was required of him. He deposited the treasurer’s receipt in the county clerk’s office to he filed as required by the statute and the fault of the clerk in failing to file it can not be imputed to him. As we have already seen the tax-payer can not be deprived of his right to redemption by the neglect of duty on the part of the officers of the State. Moreover, the treasurer’s receipt was deposited with the county clerk to be filed and that act constituted the filing of it. A paper is filed when delivered to the proper officer and by him received to be kept on file.” Bettison v. Budd, 21 Ark. 578; Eureka Stone Co. v. Knight, 82 Ark. 164, and Case & Co. v. Hargadine, 43 Ark. 144. As was .said in the last mentioned case it would be a harsh rule to punish an individual, who in the prosecution of a right has done therein all that the 'law required him t'o do, for the omission by a public officer to comply with the forms prescribed as his duty. The decree will be affirmed.