GEORGE *v.* HEFLEY.

Opinion delivered November 17, 1930.

*W. P. Strait,* for appellant.

*Dean, Moore & Brazil,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant contend that the redemption by the minor of the land from tax sale in 1920 was unauthorized, and that the court erred in allowing minor to redeem. It is

their contention that the minor could not redeem under the statute until after he became of age. We do not agree with counsel in this contention. In the case of *Carroll v. Johnson,* 41 Ark. 59, it was held that a minor can redeem his land from tax sale at any time during his minority and for two years afterwards, whether the purchase be by the State or by an individual. The court said that a purchaser at a tax sale takes a defeasible title, and that, if the land belonged to a minor, it is subject to redemption at any time during his minority and for two years after he attains his majority. The court had under consideration § 5197 of Gantt's Digest, which contains a saving clause that minors and other persons mentioned in the statute may redeem from a tax sale at any time within two years from and after the expiration of such disability.

Counsel for the appellant insist that the holding in this case does not apply because the redemption in the present case falls under § 10096 of Crawford & Moses' Digest, which was passed by the Legislature of 1883. It will be noted that this section contains a saving clause in favor of minors and other persons and provides that, where their lands have been sold for taxes, they may be redeemed within two years from and after the expiration of such disability. The court has frequently construed this statute to give minors the right to redeem from and after the sale until the expiration of two years after they have reached their majority. The court has said that the minor's right to redeem commences from and after the sale, and that the right to redeem continues until two years after he should come of age. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 241; *Seger* v. *Spurlock,* 59 Ark. 147, 26 S. W. 819; *Moore* v. *Irby,* 69 Ark. 102, 61 S. W. 371; and *Crowley* v. *Spradlin,* 77 Ark. 190, 91 S. W. 550.

Later decisions of the court have recognized that the statute does not suspend the right of redemption during the minority of the owner, but that it may be exercised as well before as after the removal of the dis-

ability of minority. *Hisey* v. *Sloan*, 180 Ark. 797, 22 S. W. (2d) 1005, and cases cited.

It is also insisted that the right of the minor to redeem may only be exercised by suit brought in the chancery court. We do not agree with counsel in this contention. The statutory right to redeem from tax sales is self-executing and requires no judicial proceedings to make it effective. It may be exercised in the manner pointed out by statute as a matter of right by the owner of the property, and it is available in all cases, not only where the sale was defective, but where it was perfectly regular and valid. The right of redemption is given by the statute, and it is intended to afford the owner the opportunity to save his property from a tax sale by complying with the provisions of the statute relating to his right to redeem. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241; *Cook* v. *Jones,* 80 Ark. 43, 96 S. W. 620; and *Nelson* v. *Peirce,* 119 Ark. 291, 177 S. W. 899.

It follows that the decree of the chancery court was correct, and it will be affirmed.