BROOKFIELD *v.* MARTIN.

4-6108

145 S. W. 2d 727

Opinion delivered December 2, 1940.

*J. C. Brookfield,* for appellant.

*Walter N. Killough,* for appellee.

SMITH, J. Appellees filed a petition to confirm the sales for taxes of two lots in the city of Wynne, one of which had been sold for the taxes of 1908, the other for the taxes of 1912. Appellant filed an intervention, after which appellees filed a complaint in which appellant was made defendant. Summons issued upon this complaint, which was duly served. Appellant filed an answer, in which he renewed his motion to dismiss the proceedings, contained in his intervention, upon the ground that he was in possession of the lots the title to which appellees sought to confirm. Appellant alleged the tax sales were void for various reasons, and that he had effected a redemption from the tax purchaser.

The testimony is conflicting as to whether the lots were vacant and unoccupied, and the court appears to have made no finding upon this issue of fact, and we find it unnecessary to do so.

Appellees amended their complaint to pray, in the alternative, that, if the confirmation of the tax sales was denied, there be declared in their favor a lien upon the lots for the amount of taxes which they had paid. Obviously, appellees were entitled to this relief if the sales were not confirmed.

Appellees exhibited tax deeds to the lots, and receipts covering taxes paid for many years thereafter, together with receipts for municipal improvement taxes paid by them. These items, with the interest thereon, total the sum of $416.93.

The court denied the prayer for the confirmation of the tax sales, but rendered judgment for the said sum of $416.93, and declared the same a lien upon the lots. The

clerk of the court was appointed commissioner and directed to sell the lots if the lien declared by the court was not satisfied within the time allowed for that purpose.

Appellant prayed an appeal from that decree, as did appellees also. Appellant perfected his appeal only two days before the expiration of the time allowed by law for that purpose; but appellees have not and did not pray a cross-appeal.

Pending this appeal, the lien decreed by the court not having been discharged, the lots were sold by the commissioner, at which sale appellees became the purchasers. This sale was reported to and confirmed by the court, and a deed to appellees was executed by the commissioner with the approval of the court.

The decree imports the finding inferentially—although it was not made expressly—that appellant had not redeemed the lots from the tax sales; and that finding does not appear to be contrary to the preponderance of the evidence.

The briefs of opposing counsel discuss the question of the validity of the tax sales, and appellees insist that the court was in error in failing to confirm, inasmuch as the lots were vacant and unoccupied, and payment of the taxes for many more than seven years on each of the lots was shown subsequent to the date of the tax deed.

Even though appellees were entitled to have the tax sales confirmed, they are in no position here to ask that relief, for two reasons. First, they have not prosecuted their appeal or prayed a cross-appeal from the decree denying that relief, as required by law and the rules of this court. See pages 29 and 30 of Stevenson's Supreme Court Procedure. Second, they have accepted inconsistent relief. The court gave them a lien for their taxes, and the lots were sold to them pursuant to that decree, and they have received a deed from the commissioner appointed to make the sale.

As we have said, the tax purchasers were entitled to have relief either (a) of having the tax title confirmed,

or (b) of having a lien declared on the lots for the taxes. But they are not entitled now to the optional right of choosing which relief they may have. Appellees have elected to avail themselves of the relief granted in the decree from which is this appeal, and have acquired title to the lots under the commissioner's deed. They may not, therefore, now be heard to insist that the tax sales should have been confirmed.

Appellant alleged and offered testimony showing that the sum for which the decree was rendered exceeds the present value of the lots. This may be true, but, even so, that is no reason why appellees should not recover the taxes paid by them, with the interest thereon, a large part thereof being municipal improvement district taxes. Appellees had the right to pay these improvement district taxes; indeed, they were required to do so to protect their original tax purchase, and they had the right to include these taxes and to have judgment therefor.

The decree here appealed from included them, and as it appears to be correct, it is affirmed.