BASS *v.* JOHN.

4-9201                                    230 S. W. 2d 946

Opinion delivered June 19, 1950.

*Peyton D. Moncrief* and *Virgil R. Moncrief,* for appellant.

*George E. Pike,* for appellee.

HOLT, J.   March 20, 1940, appellee, Porter John, filed suit (*Ex parte*) to confirm his title, based on a State tax deed April 17, 1939, to the SE¼ of the SE¼ of section 28, township 4 south, range 4 west, 40 acres, in Arkansas County, which was forfeited and sold to the State for the delinquent taxes in 1931.

Appellant, James Bass, intervened, alleging that he was the owner of the land in question, that the tax sale and forfeiture to the State were void for numerous reasons, that appellee is the son of Dr. John, and that: "Several years ago, Dr. John entered into a lease agreement with intervener's co-owner of above land, under which agreement Dr. John agreed to maintain repairs on the land for the use of same as pasturage and at the time of the pretended tax sale (was) and is still occupying said

land as tenant under the said arrangement. At the time of the pretended tax sale in June, 1931, at the time said land was forfeited, at the time the state land commissioner executed his deed to petitioner, Porter John, this intervener, James Bass, was a minor.''

He prayed that he be allowed to redeem and that appellee should be denied any rights in the property. Appellee and his father, Dr. John, answered (separately) appellant's intervention with general denials. Appellee also alleged that he had made valuable improvements on the 40-acre tract which materially increased its value.

The trial court found that appellant, Bass, had the right to redeem and that appellee's tax deed should be cancelled and set aside, but that appellee should recover for improvements in the amount of $3,275 and declared a lien against the land for this amount.

The cause is here on appellant's direct appeal and appellee's cross appeal.

The record reflects that the tract of land involved was on the 2nd Monday in June, 1931, forfeited and sold to the State of Arkansas for nonpayment of taxes due thereon. Thereafter, on April 17, 1936, the State issued its deed to appellee, Porter John, to this property for a consideration of $41. Appellee immediately fenced the tract and made substantial improvements within the period of about sixteen months after his purchase.

Appellant, James Bass, was born May 8, 1916, and reached the age of 21 May 8, 1937. The present suit, as indicated, was filed March 20, 1940, and appellant, Bass, filed his intervention May 7, 1940, which was one day short of three year's after he, Bass, had reached his majority. We hold that appellant's right to redeem was limited to two years from and after the expiration of his disability. Ark. Stats. 1947, § 84-1201 (Pope's Digest, § 13860) so provides: ''Period for redemption, * * * All lands, towns or city lots or parts thereof, which may hereafter be sold for taxes at delinquent sale, under the laws of this State, may be redeemed at any time within two (2) years from and after the sale thereof; and all

lands, city or town lots, belonging to insane persons, minors or persons in confinement, and which have been or may hereafter be sold for taxes, may be redeemed within two (2) years from and after the expiration of such disability," etc.

We have many times construed this section, and in *George* v. *Hefley,* 182 Ark. 678, 32 S. W. 2d 445, we said: "The court has frequently construed this statute (§ 84-1201) to give minors the right to redeem from and after the sale until the expiration of two years after they have reached their majority. The court has said that the minor's right to redeem commences from and after the sale, and that the right to redeem continues until two years after he should come of age. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180; *Seger* v. *Spurlock,* 59 Ark. 147, 26 S. W. 819; *Moore* v. *Irby,* 69 Ark. 102, 61 S. W. 371; and *Crowley* v. *Spradlin,* 77 Ark. 190, 91 S. W. 550.

"Later decisions of the court have recognized that the statute does not suspend the right of redemption during the minority of the owner, but it may be exercised as well before as after the removal of the disability of minority. *Hisey* v. *Sloan,* 180 Ark. 797, 22 S. W. 2d 1005, and cases cited."

Our holding in the *George* v. *Hefley* case was recently reaffirmed in *Schuman* v. *Westbrook,* 207 Ark. 495, 181 S. W. 2d 470.

Any rights, therefore, to redeem that appellant might have had in the land here in question were lost and precluded by his failure to intervene or assert such rights within the two years allowed to him after he reached his majority, and the trial court erred in cancelling and voiding appellee's tax deed and in holding that appellant had the right to redeem in the circumstances.

Appellant's contention that at the time of the tax sale to appellee, appellee and Dr. John, his father, as partners and acting in unison, held and occupied the land in question as tenants under an alleged lease agreement with appellant's "co-owner" and that "appellee's purchase was in equity and effect a redemption" is without merit, for the reason that even though appellee were a

tenant in possession (which the preponderance of the evidence fails to support) there being no evidence that appellee agreed to keep the taxes paid, he was within his rights in purchasing at the tax sale.

In the recent case of *Billingsley* v. *Lipscomb,* 211 Ark. 45, 200 S. W. 2d 510, we held: (Headnotes 3 and 4) "A tenant who is under no obligation to pay the taxes on the land he occupies may purchase at a tax sale the lands of which he is in possession and may set up such title, and the sale, if otherwise valid, extinguishes the landlord's title and terminates the lease. 4. Quieting Title.—Appellant, tenant of appellee, and who was under no obligation to pay the taxes on the land leased and who purchased the land from the state after a sale for delinquent taxes was entitled to have his title quieted as against appellee the original owner."

Finally, appellant questions appellee's right to cross-appeal, contending that appellee is estopped by his election to purchase at the Commissioner's sale for the exact amount awarded him (appellee) in the decree for improvements. It appears that pursuant to the decree, the Commissioner sold the property and appellee was the purchaser. We cannot agree that by so doing appellee has lost his right to cross-appeal.

The trial court, after erroneously declaring appellee's deed from the State void, allowed him $3,275 for improvements, and a lien on the property for this amount. When appellant failed to reimburse appellee for said improvements, appellee, as was his right, bid the amount of his lien at the sale to protect his interest. This action of appellee did not irrevocably bind him to the one course of action which he pursued and was in no sense inconsistent with appellee's claim throughout that he was the owner of the land by virtue of his State deed, a claim which we are now holding must be upheld. Had appellant paid appellee the amount awarded for betterments, then a different situation similar, in effect, to that in *Bolen* v. *Cumby and Another,* 53 Ark. 514, 14 S. W. 926 (relied upon by appellant) would be presented.

In the Bolen case, Bolen claimed the land under a tax sale. The trial court held the sale void but allowed for improvements and a lien on the property. Bolen appealed. Subsequently, Cumby paid to Bolen the amount allowed for improvements and Cumby then moved to dismiss Bolen's appeal. This court there held that, in the circumstances, Bolen's appeal should be dismissed because he had accepted a benefit under the judgment inconsistent with his appeal. It was there said: "A party may prosecute his appeal from a judgment, partly in his favor and partly against him, even after accepting the benefit awarded him by the judgment, provided the record discloses that what he recovers is his in any event— that is, whether the judgment be reversed or affirmed. But he waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal," and in *Kelley v. Laconia Levee District*, 74 Ark. 202, 85 S. W. 249, 87 S. W. 638, this court held: (Headnote 1) "One who accepts the benefit of so much of a decree as is favorable to him is not estopped thereby to appeal from the remainder of the decree, if the part accepted and that appealed from are independent." See, also, *McIlroy* v. *McIlroy*, 191 Ark. 45, 83 S. W. 2d 550, and *Hutton* v. *Pease*, 190 Ark. 815, 81 S. W. 2d 21.

Here, appellee has not voluntarily received any money from appellant but merely purchased at the sale to protect his interests.

We regard any statements in *Brookfield* v. *Martin*, 201 Ark. 475, 145 S. W. 2d 727 (cited by appellant) that might appear to be in conflict herewith as dictum merely.

Accordingly, the decree must be, and is reversed, on appellee's cross-appeal and the cause remanded with directions to dismiss appellant's intervention for want of equity and for further proceedings consistent with this opinion.

Since appellant, on direct appeal, questions only the amount allowed appellee for improvements or betterments, it becomes unnecessary to consider this issue.