## NEIL v. ROZIER.

TAXES:   *Sale for non-payment of: Minor's right of redemption.*

> Under the statute (*Mansf. Dig., sec. 5772*), which provides that "all lands," etc., "belonging to  *  *  minors  *  *  and which have been, or may hereafter be, sold for taxes, may be redeemed within two years from and after the expiration of such disability," the right of redemption is not personal to the minor, but may be enforced by his vendee.

APPEAL from *Benton* Circuit Court.

J. M. PITTMAN, Judge.

*E. P. Watson* for appellant.

1. A minor can convey with his land the right to redeem from a purchaser at tax sale. The right is not personal to the minor, but passes to his vendee. *39 Ark., 584; Cooley Tax., 366; Burroughs Tax., 366–7, notes; Blackwell Tax Titles, 426.*

2. Redemption statutes are liberally construed, and in Iowa it is held that the assignee or vendee of a minor may redeem from a tax purchaser. *Stout v. Merrett, 35 Iowa, 47.*

*D. H. Hammons* for appellees.

The right to redeem land sold for taxes is personal to a minor, and if after he becomes adult, but within the time allowed him for redemption, he sells the land, his vendee has

no right to redeem. *Mansf. Dig., secs. 5775, 473, 474, 4268–72–3; Bliss Code Pl., 1st ed., secs. 38–9–40, 47–8; Burroughs Tax., 362.*

The right to redeem land from tax sale is not an equitable right. It is merely a creature of statute and has no existence independent thereof. It can be exercised only by such persons as are expressly authorized by statute, and after the period of limitation by those only who come expressly within the saving clause. If the statute makes no exceptions, the courts can make none. *Burroughs on Tax., p. 358; Rorer Judicial Sales, sec. 1148; 6 Ark., 14; 10 id., 597; 13 id., 291; 16 id., 671; 20 id., 18; 24 id., 487; 19 id., 16.*

In Iowa a purchaser at tax sale acquires only a *lien* on the land for the amount paid, the *legal title* remaining with the owner, and the case of *35 Iowa, 47,* is not applicable.

COCKRILL, C. J. The tract of land which gives rise to this appeal was sold to the State for the non-payment of the taxes of 1870. The date of the sale is not shown. It was conveyed by the State, however, to one Campbell in 1876; the tax proceedings are conceded to have been regular, and the collector's sale was doubtless made in 1871. When the land was forfeited to the State, Ruberna Smith, who was then a minor, was the owner of an undivided share of it. A few months after reaching her majority, she executed a deed of all her interest in the land to the appellant, Neil. The tax title had in the meantime come through mesne conveyances to the appellees. Shortly after his purchase, and within a year after Ruberna's majority, Neil took the proper steps, as it is conceded, to redeem the land, if he could redeem at all.

The court below ruled that the right to redeem was a naked personal privilege, to be enjoyed by the minor alone, and that the appellant's effort to redeem was futile. The correctness of this ruling is the only question raised by the appeal.

The statute in force at the time of the forfeiture, as now, **Tax Sale:** declares that " all lands, city or town lots, belonging to insane **Minor's right of redemption, not personal.** persons, minors or persons in confinement, and which have been or may hereafter be sold for taxes, may be redeemed within two years from and after the expiration of such disability." *Mansf. Dig., sec. 5772, and former revenue laws.*

This provision does not profess to make the right of redemption personal to the minor who owns the land at the time of the forfeiture. It is not specified in this or any other of the provisions of the law governing this case, that the power must be exercised by the minor more than another whom it may concern at the time of redemption. It is not provided simply that the minor may redeem, but that the lands may be redeemed. The power is not appended to the person of the minor, but is impressed upon the land as an incident to the estate taken by the purchaser for the purpose of effectually guarding the minor's interest. But that interest may be left defenceless if the minor cannot transfer the right to acquire the title with the same facility that he can transfer the title to his land.

We have previously held that a sale of the land by the tax purchaser does not displace the right to redeem. *Carroll v. Johnson, 41 Ark., 59; Keith v. Freeman, 43 id., 306.*

The construction placed upon a provision similar to the one set forth above, in Iowa, is to the effect that the vendee of the minor's lands may enforce the redemption right. *Stout v. Merrill, 35 Iowa, 47.* We think that is the policy of our statute.

Such provisions are liberally construed, to save the right and prevent a permanent forfeiture of the estate. *Woodward v. Campbell, 39 Ark., 584.*

The intention to preserve the right in the hands of the vendee is made more apparent by that provision of the revenue

law in force when the State acquired its title at the tax sale, which enacted that "the party controverting the title conveyed by the tax deed might, for the purpose of invalidating it, show that the lands were the property of an infant when the sale was made and the deed executed." *Rev. Law of 1871, sec. 125.* And the provisions governing the mode of procedure to effect the redemption (see *Keith v. Freeman, supra*), which were followed in this case, do not limit the right to the minor, but are broad enough to embrace his vendee.

Reverse the judgment and remand the cause for further proceedings.