### BRADBURY *v.* JOHNSON.

### Opinion delivered May 20, 1912.

1. TAXATION—RIGHT TO REDEEM.—The statutory right of a minor to redeem from a tax sale is not personal, but runs with the land. (Page 111.)

2. TAX TITLE—RIGHT OF INFANT TO REDEEM.—The right of a minor to redeem his land from a tax sale is absolute, and the provisions of the statutes are to be liberally construed to effectuate its purpose in preventing a permanent forfeiture of the estate of a minor. (Page 112.)

3. SAME—REDEMPTION—INNOCENT PURCHASER.—The vendee of a tax purchaser is not a *bona fide* purchaser, but takes subject to the right of an infant owner to redeem. (Page 112.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

This suit was instituted in the Pulaski Chancery Court by Gideon Johnson, a minor, against Ed Bradbury to redeem certain lands sold in June, 1902, for the taxes of 1901. Lawrence Johnson, father of Gideon Johnson, owned the land in controversy, and lived on the same as his homestead until June 6, 1900, when he died. Gideon Johnson and his mother,

now Sallie Crane, continued to live on the place until January, 1909.

Terry, who purchased the land from the State, received his deed in October, 1904. In December, 1909, Terry conveyed the land to Bradbury, and in August, 1910, Bradbury conveyed to C. Phil. Waters. In 1899 Lawrence Johnson executed a quitclaim deed to L. Storthz, which deed was duly recorded. The grantee in the deed reconveyed the land to Lawrence Johnson, a few months after the deed was executed to him, for the consideration of $25. His testimony shows that the quitclaim deed was intended as a mortgage to secure the payment of the $25.

The amended complaint set up that, since the original complaint was filed, Bradbury had sold the land to Phillip Waters, and that Waters bought same with full knowledge of plaintiff's rights, and asked that Waters be made a party, which was done.

Bradbury answered, denying the material allegations of the complaint, and alleged that he purchased the land from Terry in good faith, without knowledge or notice of the claim of plaintiff, and averred that he sold the same for a valuable consideration to Waters on the 19th day of August, 1910. He also set up the statute of limitations.

Waters's answer denied all the material allegations of the complaint.

The chancery court, after hearing the evidence adduced, entered a decree divesting title out of Waters and vesting the same in Gideon Johnson upon the payment of $40.10, which he made a lien on the land. In other words, the court granted Johnson's prayer to redeem. Other facts are stated in the opinion.

*Terry, Downie & Streepey* and *Riddick & Dobyns,* for appellant.

1. Only the owner of land forfeited for taxes has the right to redeem. Kirby's Dig., § 7098. The burden is on him who seeks to redeem. 76 Ark. 551. The deed was not in fact a mortgage. 75 Ark. 446, 451.

2. Appellee is estopped to prove that the deed was a mortgage. Evidence of a cotemporaneous agreement is inadmissible as against a *bona fide* purchaser to impair a title so

created. 95 Ark. 582; Pom. Eq. Jur. (3 ed.) § 745. Bradbury had no notice. 49 Ark. 207-217. It is not necessary that the price be wholly commensurate with the value of the property. Pom. Eq. Jur. (3 ed.) § 747; 23 A. & E. Enc. Law. (2 ed.) 488; 27 Cyc. 1819; 128 Fed. 293; 123 U. S. 747; 84 Ark. 1; Pom. Eq. § 821; 23 A. & E. Enc. Law. (2 ed.) 485; 94 Ark. 107.

3. The doctrine of *caveat emptor* does not apply. 84 Ark. 1. And, since Bradbury was *a bona fide* purchaser, appellee is estopped to assert his right to redeem. 49 Ark. 207.

4. Rumors and reports from strangers or persons not interested in the land are not sufficient to give notice. 23 A. & E. Enc. Law (2 ed.) 886.

5. Plaintiff is barred by *laches*. 55 Ark. 85.

*Miles & Wade*, for appellee.

1. The appellee has the right to redeem. Kirby's Dig., §§ 4834 and 7095.

2. There is no warranty in a tax sale, and the doctrine of *caveat emptor* is broadly applied. 34 Fed. 701. A purchaser assumes the risk. 98 Ind. 182. One buying at a tax sale is not an innocent purchaser. 59 N. W. 212. The assignee of a certificate of purchase at a tax sale takes subject to all infirmities and imperfections. 37 Ark. 195; 43 Iowa 211; 3 Kan. App. 690; 12 Fed. 487.

3. Estoppel was not set up below, and can not be used here. 1 Idaho 469;

4. Laches was not pleaded. 51 Ark. 355; 69 Cal. 265-150 Ill. 398. In 97 Ark. 450 this court held that the right of a per; son under statutory disability to redeem under § 7095, Kirby's Dig., was not a *personal* right, but a statutory right impressed upon the land. 52 Ark. 145; 59 *Id.* 147; 61 *Id.* 456; 77 *Id.* 190. Redemption statutes are construed liberally. 37 Cyc. 1183. The right is alienable and descendible. 97 Ark. 450; 74 *Id.* 552; 49 *Id.* 551; 43 *Id.* 296; 41 *Id.* 63.

5. The homestead is preserved to appellee during minority, and he can not waive or lose it. 89 Ark. 168; 59 *Id.* 147.

WOOD, J., (after stating the facts). Appellants contend that they are innocent purchasers, and that appellee is estopped from setting up any right of redemption because of the deed

executed by his father to Storthz.   They also contend that appellee is barred by laches.

The uncontroverted evidence shows that Lawrence Johnson was the owner of the land at the time of his death on June 6, 1900.   While the evidence shows that he had conveyed the same by quitclaim deed to Storthz in 1899, the testimony is conclusive that this deed was only intended as a mortgage, and that the mortgage was satisfied by payment of the money for which the deed was given as security, and that Storthz reconveyed the land to Johnson.   It does not appear, however, that the deed of Storthz was placed on record.   Storthz testified concerning this as follows: "The fellow got into trouble, and needed about $25, and I let him have it and told him that if he didn't give the money back that the property would be mine, and I could go and foreclose.   If he gave the money back, I had to give him back the property; that was understood.   The property was given as security, and not as a conveyance.   Judge Hill was conducting the negotiation for Johnson.   It was understood that Johnson was to pay back the money in six months.   I got back part of the money from Judge Hill, and conveyed the property to him, then he conveyed it to the negro.   I was satisfied, and conveyed it back to him.   It was several months that the property stood in my name.   I didn't hold it long enough to pay the taxes on it; it was not long enough in my hands for that."

This testimony shows conclusively that Lawrence Johnson was the owner of the land at the time of his death.

Our law grants to minors the right to redeem land forfeited to the State for nonpayment of taxes within two years from and after the expiration of their disability.   Kirby's Dig., §§ 4834 and 7095.

Gideon Johnson was the only child of Lawrence Johnson, and therefore, at the time of the latter's death, the land descended to Gideon, and he was the owner of the same at the time of the forfeiture and sale thereof for taxes.   The land was subject to redemption at any time during the minority of Gideon and for two years after he attains his majority.   *Carroll* v. *Johnson*, 41 Ark. 63.   This statutory right of redemption is not personal to the owner laboring under the disability mentioned therein.   It is "an interest running with the land for the

period mentioned therein after the expiration of the disability of the owner." *Pulaski County* v. *Hill,* 97 Ark. 450; *Smith* v. *Thornton,* 74 Ark. 572. See also *Keith* v. *Freeman,* 43 Ark. 296. While it is not an estate in the lands, it is a statutory privilege that runs with the land of one who is under the disability mentioned. See *Bender* v. *Bean,* 52 Ark. 132; *Seger* v. *Spurlock,* 59 Ark. 147.

The appellee, Gideon Johnson, did not derive his privilege of redemption from his ancestor at the latter's death. At that time there had been no forfeiture for the nonpayment of taxes. It is a right that came to him after his father's death by virtue of the statute, and was not in any sense an estate in the land that came to him through the death of his father. The doctrines of estoppel and laches have no application in this case, even had they been pleaded. It is not pretended that the appellee, Gideon Johnson, had, by any conduct of his own, misled appellants to their prejudice.

There can be no such thing as an innocent purchaser of land at a tax sale, or from one who buys at such sale, as against the statutory privilege of redemption. The statute makes no exceptions, and there are no restrictions or limitations upon the right to redeem except as to the time in which it shall be exercised. As was said in *Neil* v. *Rozier,* 49 Ark. 551, "a sale of the land by the tax purchaser does not displace the right to redeem." The right, within the time, is absolute, and the provisions of the statute are to be liberally construed to effectuate its purpose in preventing a permanent forfeiture of the estate of a minor. *Woodward* v. *Campbell,* 39 Ark. 584; *Neil* v. *Rozier, supra.*

All the world must take notice of the statute granting to a minor the privilege of redemption from a sale for taxes.

Neither Bradbury nor Waters would be innocent purchasers, even though they paid value and had no notice that Gideon Johnson was the owner of the land at the time it was forfeited and sold for taxes, because they derived their claim for title through one who purchased at a tax sale. The vendee of a purchaser at a tax sale gets no better title than his vendor had, and the purchaser at a tax sale only gets the title subject to the statutory privilege of redemption. See *Bird* v. *Jones,* 37 Ark. 195. The rule of *caveat emptor* applies to the purchaser

of a tax title. He is not a *bona fide* purchaser for value without notice. *Martin* v. *Barbour*, 34 Fed. 701.

The judgment is correct, and is affirmed.