## LIGHTLE v. LAWS.
### Opinion delivered April 17, 1916.

1. TAX SALES—REDEMPTION BY MINORS.—Minors may redeem lands sold for taxes within two years from and after the expiration of their disabilities, and all the world must take notice of this right.

2. TAX SALES—INNOCENT PURCHASER.—There is no such thing as an innocent purchaser at a tax sale.

3. TAX SALES—RIGHT OF MINOR TO REDEEM—CONDITION SUBSEQUENT —The right of a minor to redeem from a tax sale, is a condition subsequent to the tax deed executed to purchasers of the land. Conditions subsequent are those, by the nonperformance or failure of which, an estate already vested may be defeated.

4. TAX SALE—POSSESSION BY PURCHASER—REDEMPTION BY MINOR—LIABILITY FOR TIMBER.—The purchaser of land at a tax sale who went

into possession of the land, is not liable for timber cut, before a subsequent redemption of the land by a minor.

5.  TAX SALES—REDEMPTION BY MINOR—WRIT OF ASSISTANCE.—A minor who redeems land under the statute, sold for taxes, is entitled as a part of the relief granted, to a writ of assistance.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor, reversed.

*Brundidge & Neeley,* for appellants.

1.  It is conceded that the void tax sale or title under which appellees ancestor held was sufficient interest in the land to permit him to redeem. Redeem means to get back, just what was lost by the tax sale. 89 Ark. 168; 39 *Id.* 580; 74 *Id.* 577; 42 *Id.* 221; 87 *Id.* 360; 92 N. E. 998; 206 Mass. 591; 57 S. E. 712; 128 Ga. 361; Cent. Dig., vol. 45. Col. 1951-3, 1973; 14 So. 661; 71 Ark. 569.

2.  The appellee has only a lien for taxes and does not own the fee; he simply has a void tax title and can not recover for timber cut.

*Cul L. Pearce,* for appellee.

1.  The right to redeem is clear. 39 Ark. 580; 42 *Id.* 215; 74 *Id.* 343; *Ib.* 572; 41 *Id.* 59; 104 *Id.* 108. By redemption appellee acquired title to the land, the title his ancestors held. The vendee at a tax sale is not a *bona fide* purchaser, but takes subject to the right of an infant to redeem. 104 Ark. 108; Ann. Cas. 1194 C, 421.

HART, J. This suit was instituted in the chancery court by W. H. Laws against W. H. Lightle and others to redeem from sale for taxes the lands described in his complaint. The plaintiff did not reach his majority until the 28th day of December, 1912. This suit was commenced on the 11th day of December, 1913.

Isaac Dugan, obtained a patent to the land from the United States in 1856 and owned the land until it was sold for taxes on June 12, 1873. J. J. Wilkins then obtained a tax title from the State and owned the land until it was sold for taxes on June 11, 1878. At that sale P. LaCook obtained a certificate of purchase and assigned it to J. B. Laws and two years later obtained a tax deed from the clerk to the land. Laws and other members of his family

paid taxes on the land from 1878 to 1892. G. W. Laws died in 1887 leaving a widow and two sons, J. F. Laws and W. H. Laws. J. F. Laws died in October, 1890, without issue. W. H. Laws died in September, 1891, leaving surviving him his widow and W. H. Laws the plaintiff herein as his sole heir at law. The lands were forfeited for taxes after the death of plaintiff's father and the defendants deraigned title from this tax sale.

It is conceded that the tax sale in the year 1878 was void. The chancellor found that the plaintiff had a right to redeem from the tax sale under which the defendants hold. It also appears from the record that a tax deed was executed to the defendants, and that thereafter certain timber was cut by them from the land. The chancellor found that the defendants were liable for the timber cut and removed from the land. A decree was entered in accordance with the opinion of the chancellor and the defendants have appealed.

(1-2) Our statutes authorize a sale of the land itself for nonpayment of taxes and our statutes also grant to minors the right to redeem land sold for the nonpayment of taxes within two years from and after the expiration of their disabilities. *Bender* v. *Bean*, 52 Ark. 132; *Pulaski County* v. *Hill*, 97 Ark. 450, and cases cited; *Bradbury* v. *Johnson*, 104 Ark. 108, and cases cited. It has also been uniformly held by this court that there can be no such thing as an innocent purchaser of land at a tax sale or from one who buys at such sale as against the statutory privilege of redemption. In other words the court has said that all the world must take notice of the statute granting to minors the privilege of redemption from a sale for taxes.

(3) The minor instituted this action within two years after becoming of age and under our statutes and the decisions above referred to as well as many others, was entitled to maintain this suit. In the same suit however, the minor sought to recover against the defendants the value of certain timber cut by them, and the chancellor entered a decree in his favor for the value of the

timber. In this respect we think the chancellor was wrong. The purchaser at the tax sale was entitled to a deed two years from the date of the sale. After the execution of this deed to him, the purchaser is entitled to the possession of the land. The records in the present case shows that the timber was cut after the tax deed was executed to the defendants. The extension of the right of redemption to minors until two years after they reach their majority has the effect of making such right a condition subsequent to the tax deed executed to purchasers of their lands, and the right is qualified only by the laws of its creation and those enacted to recover its just and proper exercise. *Burgett* v. *M'Cray*, 61 Ark. 456; *Bender* v. *Bean*, 52 Ark. 132. Conditions subsequent are those by the non-performance or failure of which an estate already vested may be defeated.

(4) The same law under which the purchaser acquires his right to the estate, also confers the privilege of redeeming upon the owner. In all cases a deed will be executed to the tax purchaser at the end of two years. The purchaser is then entitled to the possession of the land and the minor's interest in the estate depends exclusively upon a redemption. Without redeeming the minor has no present interest, the title being vested in the tax purchaser, subject to the minor's right of redemption, which is a mere statutory privilege that the minor may exercise or not, at his option, within the time limited by law. See *Bender* v. *Bean*, 52 Ark. 132; *Wright* v. *Wing*, 18 Wis. 50. It follows that the tax purchaser is not liable in the present case for the timber cut upon the land of the minor after such purchaser went into the possession of the land and before the minor sought to redeem it.

There is another reason why the plaintiff should not be allowed to recover the value of the timber cut by the tax purchaser. Under the authorities above cited and other decisions of this court, the void tax title under which plaintiff and his ancestors held title to the land was sufficient interest in the land to permit him to re-

deem, but it by no means follows that such void tax title was sufficient to enable him to recover the value of the timber cut and removed from the land. Section 7105 of Kirby's Digest provides that, "No person shall be permitted to question the title acquired by a deed of the clerk, of the county court, without first showing that he, or the person under whom he claims title to the property had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale."

In the case of *Rhea* v. *McWilliams,* 73 Ark. 557, the court in construing this statute said, "This statute was passed for the protection of parties holding land under tax titles, and was intended to cure defects in such titles as against those having no interest in the land at the time of the sale. But, as it was passed to strengthen such titles, we do not think that it was intended to apply in case of conflicting tax titles. As to such titles, when both are invalid, the position of the defendant in possession of the land is superior to that of the plaintiff." So under the rule there announced the plaintiff could not use this statute for the purpose of recovering the value of the timber cut from the land by the defendants. It by no means follows, however, that the plaintiff is not entitled to a writ of assistance. If he was not entitled to this relief, the statute could have no effect whatever.

(5) As we have already seen the plaintiff had a right to institute this action to redeem the land and as a part of that relief he is entitled to a writ of assistance and under section 7105 of Kirby's Digest the defendants will not be permitted to question his title.

It follows that the court erred in allowing plaintiff to recover the value of the timber cut from the land and for this error the decree will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.