HISEY *v.* SLOAN.

Opinion delivered January 13, 1930.

D. E. *McGowan* and *Caraway, Baker & Gautney,* for appellants.

*Eugene Sloan,* for appellees.

HART, C. J., (after stating the facts). It is contended that the court erred in not allowing the minors to redeem the land from the tax sale, and, in this contention we think counsel are correct. Our statute authorizes the sale of land delinquent for nonpayment of taxes, and it also contains a saving clause, granting to minors the right to redeem the land from the tax sale within two years after the expiration of their disabilities as minors. This court has uniformly held that all the world must take notice of the statute granting to minors the privilege of redeeming the land from a sale for taxes. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180; *Seger* v. *Spurlock,* 59 Ark. 147, 26 S. W. 819; *Hodges* v. *Harkleroad,* 74 Ark. 343, 85 S. W. 779; *Bradbury* v. *Johnson,* 104 Ark. 108, 147 S. W. 865; Ann. Cas. 1914, 6, 419; and *Lightle* v. *Laws,* 123 Ark. 537, 186 S. W. 73.

Counsel for appellee, Sloan, the purchaser at the tax sale, seeks to uphold the decree holding the tax sale valid, for the reason that appellants did not raise this issue in their complaint, and did not offer to redeem the lands therein. Appellee, Sloan, filed a cross-complaint in which he asks that the title be vested in himself, under his purchase at the tax sale. When this was done, it became the duty of those representing the minors to raise the issue for them, and if they did not do it, it became the duty of the court to protect their interest. The court did treat

this as an issue, as appears from the decree, but the chancery court was wrong in decreeing that the title should vest in appellee, Sloan, without giving the minors the right to redeem. This issue was raised by the cross-complaint, and by the facts on this point recited in the decree, and the court erred in not allowing the minors the right to redeem from the tax-sale.

Again, counsel seek to uphold the decree upon the ground that there is no bill of exceptions, and that oral evidence was introduced at the trial. The decree does show that oral evidence was introduced, but it also undertakes to recite all the facts in the decree itself, upon which the chancellor based his opinion. This court has uniformly held that no bill of exceptions is necessary, where the judgment of the lower court, reciting the facts on which it is based, shows error on its face. *Baucum* v. *Waters*, 125 Ark. 305, 188 S. W. 802, and cases cited; *Sizer* v. *Midland Valley Railroad Co.*, 141 Ark. 369, 217 S. W. 6; and *Howell* v. *Miller*, 173 Ark. 527, 292 S. W. 1005.

The error of the chancery court in not allowing the minor children the statutory right of redemption appears upon the face of the record. Not only the facts recited in the decree were part of the record, but the pleadings in the case were also a part of it. Therefore, the error of the court was apparent from the face of the record itself, and no bill of exceptions bringing in the testimony on the record was necessary.

Inasmuch as the decree must be reversed for the error in not allowing the minors their statutory rights to redeem from the tax sale, we will call attention to their rights, and the rights of the purchaser at the tax sale upon redemption. The purchaser at the tax sale was entitled to a deed two years from the date of the sale, and, after the execution of the deed, the purchaser was entitled to the possession of the land. The existence of the right of redemption in the minors until two years after majority has the effect of making such right a con-

dition subsequent to the tax deed. The same law under which the purchaser acquired his right to the land also confers the right of redeeming upon the minors. Without redeeming, the minors hold no present interest, and can only assert a right to the rents after they have offered to redeem. *Lightle* v. *Laws,* 123 Ark. 537, 186 S. W. 73; *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180; and *Seger* v. *Spurlock,* 59 Ark. 147, 26 S. W. 819.

These authorities hold that the tender made by the owner to the purchaser is the point at which the title changes, and the positions are reversed. Up to that time, no rents are due from the purchaser, while all moneys paid out for taxes and the value of all the improvements are due to him. Improvements made after an offer to redeem, and taxes paid afterwards, except by contract, are not charges against the owner or on the land, and the purchaser in possession is bound for rents accruing after that date.

Inasmuch as the case does not seem to have been developed upon this point, the decree will be reversed and the cause will be remanded, with directions to the chancery court to allow the minors their statutory right of redemption, and to settle the question of taxes and improvements in accordance with the principles of law above laid down, and for such further proceedings as may be necessary under the principles of equity, and not inconsistent with this opinion.