WILKINS v. LENON.

Opinion delivered December 22, 1930.

954

955

956

*Danaher & Danaher,* for appellant.
*Donham & Fulk,* for appellee.

HART, C. J., (after stating the facts). The first and most important question in this case is whether an offer to the collector of the street improvement district of payment of all the past-due taxes or assessments upon the lot in question and a payment by the owner of all sums made known to him by the collector are equivalent to an actual payment of the whole and will operate as a redemption from the tax sale.

In *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29, it was held that where a deputy county clerk in the discharge of his official duties issues a certificate of redemption, the landowner has a right to rely upon it as containing the correct amount of taxes, penalty and costs due by him, and that the payment of the sum contained in it is effectual as a statutory redemption. It was further held that a taxpayer cannot be deprived of his right of redemption by the neglect of duty on the part of the officers of the State. Many cases from courts of last resort, including the case of *Martin* v. *Barbour,* 140 U. S. 634, 11 S. Ct. 944, were cited in favor of the rule.

The principles announced in that case apply with equal force in the case of the redemption from delinquent street improvement district taxes. The parties acting in the redemption are the owner and the officer. It is the duty of the owner to apply for the redemption, but the

officer must furnish him with the means of making his tender. The officer who is the legal custodian of the books and entries of the taxes and costs must necessarily know the sum to be tendered. It is the duty of the collector to give the owner or his agent this information when asked for it; and if he mistakes the amount of taxes and costs to be paid for the redemption, his mistake shall not defeat the redemption. The owner, having called for the amount and having paid all demanded for the redemption, cannot be involved in the loss of his land by the mistake of the officer.

In the present case, the bank acted in good faith. Through its agent, it went to the collecting officer of the improvement district at his office and asked for the delinquent improvement district taxes due and offered to pay the whole amount necessary for the redemption of the lot. Reliance was placed in good faith on the statement of the collector, and the amount claimed by him to be due was paid to him. The agent of the bank was justified in so doing and was not required to personally examine the books and ascertain if the amount demanded was correct. The owner had a right to rely upon the assurance of the officer with whom he was required to deal in the matter to correctly inform him of the proper amount necessary to redeem the lot. The agent testified positively that he asked the collector for all delinquent street improvement assesssments and told him that he wished to pay the amount due in order to redeem the land. He did pay the amount given him by the collector.

It is true that he did not specifically ask if there was any decree of foreclosure, but this was not necessary. His offer to redeem included this amount. While the collector of the district testified that the agent for the bank did not ask about all the delinquent improvement district taxes, he is contradicted by the surrounding circumstances. He had been the agent of the bank in renting the property and knew that it was valuable property. The amount of street improvement district taxes due annually was only $1.50. The amount, including taxes and

costs in the foreclosure decree, was only $5.90. The collector must have known that the owner of the property was offering to pay all the delinquent street improvement assessments. To allow the sale to appellant to stand would be to assist the improvement district as an agent of the State to take advantage of its own wrong. The right to redeem is a substantial right given by statute, and was prevented from being exercised within the statutory period of five years by the neglect on the part of the collector of the improvement district to do his duty. Section 5644 of the Digest gives the owner the right of redemption at any time within five years from the date of the sale. The record shows that the offer to redeem was made within the five years allowed by statute, and that a tender of the amount necessary to redeem was deposited in the registry of the court after the refusal of the defendant Wilkins to accept the same.

It is true that Lowe was the original owner of the land, and that the foreclosure for the non-payment of the delinquent street improvement assessment was against him. Lowe had mortgaged the land to the bank, and the bank had foreclosed its mortgage and had become the holder of the legal title to the lot at the time the offer to redeem was made. Therefore, the bank had the right to redeem, and its right could not be defeated by the sale of the property by the district to Wilkins because the latter acquired no better title than the district itself had. The statute gave the right to redeem, and there could be no such thing as an innocent purchaser at a tax sale or from one who purchased at a tax sale as against the statutory right of redemption. *Bradbury* v. *Johnson,* 104 Ark. 108, 147 S. W. 865, Ann. Cas. 1914C, 419.

The conclusion we have reached renders it unnecessary to consider other questions argued by counsel in their brief or to abstract the facts upon which such arguments are based. It follows that the decree of the chancery court was correct, and it will be affirmed.