BOTTS *v.* STEPHEN.

4-6683                    160 S. W. 2d 198

Opinion delivered March 16, 1942.

*W. A. Leach* and *Botts & Botts,* for appellant.

*Geo. E. Pike,* for appellee.

HUMPHREYS, J.   Appellant purchased lots 1, 2 and 3 in block 24, Improvement Company's Addition to the city of DeWitt, Arkansas, from T. J. Davis in 1916, and he and his predecessors in title had owned same since 1850, beginning with the Swamp Land Grant from the United States to the state of Arkansas.

These lots are embraced in Street Improvement District No. 2 in said city.   In 1922, appellant failed to pay the improvement district taxes assessed against said lots and they were sold on January 18, 1924, for the delinquent taxes of 1922, and purchased at said sale by said district.   The lien for the taxes of 1922 was foreclosed by the district in the chancery court of Arkansas county, Southern district, in 1924, and on the 23rd day of March, 1929, R. H. Allen, commissioner in chancery, by virtue of the authority vested in him under the terms of the foreclosure decree, executed his commissioner's deed for said lots to J. A. Wilkin, assignee of the district.

J. A. Wilkin and wife conveyed the lots to W. D. Lowrance.

On the 21st day of April, 1932, W. D. Lowrance conveyed the lots to J. E. Stephen. These were vacant lots and, according to the testimony of appellant, J. E. Stephen hauled on to the lots some posts and wire for the purpose of fencing same. He notified J. E. Stephen in writing and also Stephen's attorney, Geo. E. Pike, that he owned the lots, and for him to remove the posts and wire, and Stephen did so.

J. E. Stephen testified that after receiving the notice he constructed a fence around the lots.

Other witnesses testified that the wire was light, and that the fence J. E. Stephen constructed had fallen down when the instant suit was tried, and that the fence added no value whatever to the lots.

Appellant received information that J. E. Stephen had obtained a deed to said lots from W. D. Lowrance who had obtained a quitclaim deed thereto from J. A. Wilkin who had obtained a deed thereto from the commissioner in chancery in a foreclosure proceeding by Street Improvement District No. 2 to foreclose its lien for the delinquent taxes for the year 1922 and, thereafter, on the 31st day of October, 1935, appellant filed a complaint in the chancery court of Arkansas county, Southern district, alleging his ownership of said lots, and that he had redeemed the lots within two years after the forfeiture by paying the delinquent taxes for 1922 to the collector of the improvement district whose name was E. J. Spratlin; that after making the payment to him in cash, E. J. Spratlin told him he would note on the record that the delinquent taxes had been paid and the lots redeemed; that in addition to the redemption of the lots, the sale to the district was void for reasons specifically stated and for a number of other reasons. Appellant prayed for a cancellation of the sale of the lots to the district for the delinquent taxes of 1922 and of all proceedings connected therewith, and that he be declared the owner in fee simple of the lots, free from any claims of appellee.

Appellee filed an answer in 1936 denying all the material allegations in the complaint and specifically

denying that the sale of the district for the nonpayment of the taxes for the year 1922 was void for the reasons assigned or for any other reasons, and that the foreclosure proceedings of the sale of the lots to satisfy the lien for the delinquent taxes for 1922 was void.

Several motions to dismiss the complaint were filed for failure to prosecute same which were overruled, and finally on the 26th day of May, 1941, the cause was submitted to the chancery court upon the pleadings, many exhibits and the testimony introduced by the respective parties resulting in a dismissal of the complaint for the want of equity, from which an appeal has been duly prosecuted to this court.

The exhibits embrace all the deeds from the Government down to appellant in 1916, and the sale and all the proceedings thereunder for the delinquent taxes for the year 1922, and certificates of the taxes paid from and after the year of 1923 to the district, and of the taxes paid by appellee and his predecessors in title to the city, county, and state and by whom paid.

The record is very voluminous, containing in all 165 typewritten pages.

No testimony was introduced by appellant attacking the regularity of the sale and the foreclosure proceedings, but all of the testimony introduced by him was to the effect that after the sale to the district for the nonpayment of delinquent taxes for the year 1922 he redeemed the lots from the sale within two years thereafter by paying the delinquent taxes to J. E. Spratlin, the collector of delinquent taxes for said district.

Appellant testified positively and unequivocally that after the sale for delinquent taxes and within two years of the date of the sale he went to the collector in his office and asked him the amount of delinquent taxes due thereon and was informed as to the amount, whereupon he wrote a check to the district for the total amount of taxes claimed by E. J. Spratlin to be due thereon; that E. J. Spratlin told him that he would rather be paid in money and that he then wrote a check payable to himself, got the money and paid it to E. J. Spratlin with the

understanding that he would mark the lots redeemed on his record, and that then he dismissed the matter from his mind until later he was informed that J. E. Stephen, appellee, was claiming to own the lots under and by virtue of a deed executed to him by W. D. Lowrance, who had procured a quitclaim deed from J. A. Wilkin, who claimed to own the lots as assignee of the district under the foreclosure proceedings to enforce its lien for the nonpayment of the taxes for the year 1922; that after ascertaining the nature and extent of the claim of appellee and his predecessors in title, he went to E. J. Spratlin, the then collector for the district and who has been collector of the district ever since, and tried to get him to mark the lots redeemed on his record, and that for quite a time he promised him that he would do so, but later told him that he could not do so because he had an arrangement with J. A. Wilkin by which he was to buy all the delinquent land that he could in J. A. Wilkin's name, and that they would split the profits 50-50, and still later he informed him that J. A. Wilkin and he had fallen out about the matter, and that J. A. Wilkin would not agree for him to mark the redemption on his record.

E. J. Spratlin and J. A. Wilkin never appeared as witnesses in contradiction of the testimony of appellant.

The facts in the case of *Wilkins* v. *Lenon*, 182 Ark. 953, 33 S. W. 2d 1093, relative to whether there had been a redemption by the owner of the land involved in that case in this same district by sale of the delinquent taxes claimed for the year 1922, are parallel to the facts in this case and we think the declarations of the court in the case cited rule the instant case. It was decided by the court in the case of *Wilkins* v. *Lenon*, cited above, that (quoting syllabi 1, 2, 3, 4, and 5):

"1. A mistake of the collector of an improvement district regarding the amount of taxes and cost to be paid for redemption did not defeat the right to redeem under Crawford & Moses' Digest, § 5644.

"2. The owner offering to redeem from a street improvement tax sale could rely on the collector to give correct information as to the amount necessary to redeem,

"3. The owner offering to redeem from a street improvement tax sale was not required to ask specifically whether there had been a decree of foreclosure.

"4. A mortgagee acquiring title by foreclosure could redeem a lot from a sale for street improvement tax.

"5. A purchaser at tax sale or his assignee cannot be an innocent purchaser as against the statutory right of the owner to redeem."

We think, according to the weight of the evidence, appellant paid the collector of the district all the taxes due it, or that were demanded by it, which in effect constituted the redemption of the lots whether the entry was made on the record of the district or not. There being a redemption, within the meaning of the law, from the delinquent taxes of 1922, of course, appellee acquired no title to the lots and he is not in any better situation than J. A. Wilkin, who purchased a void tax title from the district.

The evidence in the case tends to show and does show that the appellee and his predecessors in title paid all the improvement taxes from and after the year 1923 and paid all the county, city and state taxes on the lots after J. A. Wilkin purchased the lots from the district as assignee of the district under the foreclosure proceedings and, of course, he should be given a lien for the taxes which he and his predecessors in title have paid on the lots.

The improvements, if any, made by appellee on the property were made after he received notice not to build a fence around the property and he is not entitled to any betterments for improvements made. The improvement he did make was simply a light wire fence which was inconsequential and did not enhance the value of the property.

On account of the error indicated the decree is, therefore, reversed, and the cause is remanded with directions to decree the title to the lots in appellant, subject to a lien on them for all taxes which appellee and his predecessors in title have paid thereon.