BECK v. DeFIR.

5-1101 296 S. W. 2d 396

Opinion delivered December 17, 1956.

W. H. Howard and D. A. Clarke, for appellant.

John F. Gibson, for appellee.

LEE SEAMSTER, Chief Justice. This suit in ejectment was filed by appellants in the Desha Circuit Court. The complaint alleged that appellees were in wrongful possession of a certain 160 acre tract of land situated in Desha County, Arkansas, and prayed judgment for possession of said property.

The record reveals that the land in question is situated in the Southeast Arkansas Levee District. This District was created by Act 83 of the 1917 Acts of the General Assembly of Arkansas. The question here involves the construction of Section 9 of said Act.

The appellees claim title to the land by reason of a County Clerk's tax deed dated November 12, 1946, and recorded by appellees the same day. The issuance of the Clerk's deed was based upon a sale made in November, 1944, for the taxes assessed against said land for the year 1943, and payable at the regular time for payment of taxes in the year 1944. The appellees bid the land in at the collector's sale for taxes. Upon the expiration of the two year redemption period after sale, the clerk deeded the land to appellees.

The taxes levied were the levee district taxes and a $2.00 fencing district tax. A tax deed for such taxes has the same force and effect as a tax deed for other regular taxes, where the sale is to an individual. The individual must pay the sum of his bid at the time of the sale.

Appellee, R. M. DeFir, Jr., had lived with his father on this land since 1933, with the exception of such times as he served in the armed forces of the United States or was away working. Originally the appellee and his family were living on the land as tenants of the owner. The owner had died and appellee and his father's family remained on the place. After procuring the tax deed they continued to live on the land and farm it as their own. They were living there when the instant suit was filed.

The appellants claim title to the land by reason of a deed from the Southeast Arkansas Levee District, dated May 4, 1954, and recorded in the county on May 5, 1954. The Levee District claimed the right to convey the land to appellants by reason of a clerk's deed dated September 26, 1951, and recorded in the county on April 9, 1952. This deed was issued by reason of a sale of the land for taxes in November, 1943. The taxes assessed against the land were for the year 1942.

Act 83 of 1917 provides that "At the sale by the collector for delinquent taxes, if there be any lands, railroads, tramroads, telephone, telegraph, electric light and power lines delinquent for levee taxes which are not bid in by individuals for the taxes, penalty and costs, the same shall be bid in by said Southeast Arkansas Levee District for such taxes, penalty and costs, provided said Southeast Arkansas Levee District shall not be required to pay its bid until after the expiration of the time for redemption from said sale."

The Act further provides that the Levee District must pay the other taxes, aside from levee taxes, before it is entitled to a deed from the County Clerk. Under no circumstances is the Levee District required to pay any sum for the purchase of the land at the tax sale; but only after the two year period of time allowed for redemption had expired.

The Act further provides that immediately after receiving the deed to lands in the District, the Levee District shall file suit to confirm its tax title in the Chancery Court of the County where the lands are located and proceed to a confirmation decree as in tax title cases by individuals. The Act contains a provision that any owner may come in at any time before final decree of confirmation and show title, whereby the Court may permit redemption of such lands upon payment of the amount paid out by the Levee District, with interest at 10%, costs and 25% for attorney fees.

In the instant case, at the time of the trial, the Levee District had never filed, in the Desha Chancery Court, a suit to confirm its tax title in the land here involved. The Levee District could only convey to appellants such title as it had procured. Its title was subject to redemption by any individual owner at any time before the confirmation decree, confirming its tax title, was finally entered of record.

The parties waived a jury and the trial court made the following findings of fact and law:

## "FINDINGS OF FACT"

"1. The following described lands situated in the County of Desha, State of Arkansas, to-wit:

The Southeast Quarter (SE 1/4) of Section Seven (7),

Township Thirteen (13) South, Range Three (3) West, forfeited in the name of D. U. Browning for the 1940 County, State and Levee Taxes in the year 1941.

"2. Pursuant to Act 83 of 1917 the Southeast Arkansas Levee District purchased the lands at the sale held by the Clerk in 1941.

"3. In 1942 the Levee Tax was again delinquent and the Southeast Arkansas Levee District purchased the above described lands at the collector's sale.

"4. The Levee Tax was again delinquent and R. M. DeFir, Jr. purchased the above described lands in 1943.

"5. Pursuant to the purchase by R. M. DeFir, Jr. a 'Clerk's Deed of Tax Sale' was issued to R. M. DeFir, Jr. by the Clerk of the County Court of Desha County, Arkansas, on November 12, 1946.

"6. Edgar C. Gannaway, Clerk of the County Court of Desha County, Arkansas, did by his 'Clerk's Deed of Tax Sale' on the 27th day of July, 1951 convey to the Southeast Arkansas Levee District the above described lands as a result of the sale made in 1941 pursuant to Act 83 of 1917.

"7. Edgar C. Gannaway, Clerk of the County Court of Desha County, Arkansas, did by his 'Clerk's Deed of Tax Sale' dated September 26, 1951 convey the above described property to the Southeast Arkansas Levee District for the non-payment of taxes for the year 1942 which sale was pursuant to Act 83 of 1917.

"8. The Southeast Arkansas Levee District, by and through Edgar C. Gannaway, its duly authorized Attor-

ney-in-Fact did by its Quitclaim Deed dated May 4, 1954, convey the above described property to R. L. Beck and C. G. Dunne by paying to said Levee District the sum of $105.98, taxes, costs and penalty, and by paying therefor into the County Treasury the sum of $501.05 for all back taxes up to and including the purchase with the exception of the 1943 Levee Tax which was paid by R. M. DeFir, Jr. The plaintiffs have since paid all taxes accruing and accrued amounting to $75.34.''

''Conclusions of Law''

''1. The defendant, R. M. DeFir, Jr. took possession of the above described lands on, and under, his Clerk's Deed of Tax Sale on November 12, 1946, and the plaintiffs are precluded in bringing this action under Arkansas Statutes, § 34-1419. Under Section 9 of Act 83 of 1917 the defendant may at any time before final decree of confirmation show his title to the above described lands and the Court may permit redemption.

''2. The district's liens for the 1941 and 1942 taxes merged with the purchase by R. M. DeFir, Sr. at the collector's sale in 1943, pursuant to which the defendant R. M. DeFir, Jr. was issued a Deed on November 12, 1946.

''3. The plaintiffs have expended the sum of $576.39 for general and special taxes since the purchase by the defendant in 1943, and said plaintiffs be, and they are hereby given a judgment against the defendant, R. M. DeFir, Jr., with interest at the rate of six (6%) per cent per annum from date of expenditure until paid, and are hereby given a lien on the above described lands for such expenditures.''

The appellants contend the court erred in holding the two year statute on adverse possession applicable in this case. Whether this statute is applicable or not is immaterial as far as this case is concerned. The appellees are in possession of the land, under color of title, the clerk's tax deed. Under the provisions of Section 9 of said Act 83, the appellees have the right to redeem the

land from appellants by paying the amount set out by the provisions.

This Court held in *Wimberly* v. *Norman*, 221 Ark. 319, 253 S. W. 2d 222, that a valid clerk's tax deed vests in grantee all right, title and interest of the former owner.

In the case of *Luebke* v. *Holtzendorff*, 203 Ark. 141, 157 S. W. 2d 770, this Court held:

"It was said, in the early case of *Woodward* v. *Campbell,* 39 Ark. 580, that 'Statutes providing for redemption from tax sales always receive a liberal construction. Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the land, amounts to such an ownership as will entitle the party holding it to redeem . . .' That holding has since been followed and reaffirmed in numerous cases where the right of redemption was questioned, one of the most recent being the case of *McAllister* v. *Wright,* 197 Ark. 1156, 127 S. W. 2d 645."

Finding no error, the judgment is affirmed.