BROWN *v.* WELLS.

5-1314                                    306 S. W. 2d 865

Opinion delivered November 4, 1957.
[Rehearing denied December 9, 1957.]

*J. B. Gillison* and *Owens, McHaney, Lofton & Mc-Haney,* for appellant.

*Carneal Warfield* and *John F. Gibson,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a lawsuit between rival claimaints for lands in Chicot County. The case was originally filed in the chancery court, but by consent was transferred to law and was tried on an agreed statement of facts. Wells, as plaintiff, claimed title to certain lands by reason of (a) a deed from Daisy Edwards, an alleged former owner, and (b) a deed from the Cypress Creek Drainage District[1]. Brown, as defendant, claimed title under a deed from

---

[1] Wells also deraigned title from the sovereignty of the soil.

the Southeast Arkansas Levee District and also an attempted redemption by him from the Cypress Creek Drainage District. The Circuit Court found that Wells was the owner of the land; and from that judgment[2] there is this appeal.

## WELLS' TITLE.

The lands are located in the Southeast Arkansas Levee District and the Cypress Creek Drainage District. Delinquencies due these Districts, as well as delinquencies for State and County taxes, give rise to this litigation. Since Brown claims through a 1952 deed from the Southeast Arkansas Levee District, we may start our recital of Wells' title with Daisy Edwards' deed.

On January 3, 1947 Daisy Edwards received a general warranty deed from Lester Golden and wife describing the lands herein conveyed; and on the same day Daisy Edwards received a deed from the Southeast Arkansas Levee District. This Levee District deed recites that all State, County, and Southeast Arkansas Levee District taxes have been paid ". . . up to and including the year of 1945, payable in 1946." Daisy Edwards also paid the State, County, and Southeast Arkansas Levee District taxes (assessments) for 1947; but no one paid the 1947 assessments due on the lands to the Cypress Creek Drainage District; and that District foreclosed its delinquent 1947 assessments in Case No. 7769 in the Chicot Chancery Court. The foreclosure decree was entered April 3, 1950; the sale was on October 20, 1950; the sale was approved by the Court on November 6, 1950; and the commissioner, with Court approval, conveyed the lands herein involved to the Cypress Creek Drainage District by deed dated December 15, 1952.

Daisy Edwards conveyed the land to Wells by deed dated November 8, 1952; and on December 18, 1952,

---

[2] The Circuit Court reserved for later trial the matter of damages and improvements. Also the Circuit Court judgment allowed Wells to accomplish redemption for recent delinquencies. These matters are not before us on the present appeal.

the Cypress Creek Drainage District executed a deed to Wells, which deed also recited: ". . . this deed being a complete release for all liens granted by law to this district for unpaid taxes or assessments upon the above described lands for the year 1951 and prior years". Thus, after December 18, 1952 Wells had a deed from Daisy Edwards and a clearance of all old delinquencies from the Cypress Creek Drainage District; but had outstanding against his title the delinquent State and County taxes and assessments due the Southeast Arkansas Drainage District for 1948 and subsequent years.

### BROWN'S TITLE.

As aforesaid, the State and County taxes, as well as the assessments due the Southeast Arkansas Levee District on the lands herein, remained delinquent for the years 1948 to 1951; and on November 26, 1952,[3] the Southeast Arkansas Levee District executed a deed to Brown, describing the lands; and this deed[4] recited: ". . . that Southeast Arkansas Levee and State and County taxes are fully paid up to and including the year of 1951, payable in 1952". Thus, Brown's title is based on his said 1952 deed from the Southeast Arkansas Levee District.

The Circuit Court entered judgment for Wells, and Brown has appealed. We affirm the Circuit Court judgment for the reasons herein stated.

I. *The Laws Creating The Two Improvement Districts.* Our decision in this case turns on the uniform provisions of the act creating the Cypress Creek Drainage District, as contrasted with the peculiar provisions of the act creating the Southeast Arkansas Levee District. The Cypress Creek Drainage District was created by Act No. 110 of 1911, which act was amended by Act No. 455 of 1911 and Act No. 80 of 1915. In Section 13

[3] Brown paid his money for this deed on November 12, 1952; but the deed was not executed until November 26, 1952.

[4] When Brown received this deed from the Levee District, he attempted to redeem from the Cypress Creek Drainage District, but did not succeed, as will be more fully developed in Section II of this opinion.

of the Act No. 80 of 1915, there is set out the procedure for foreclosing the delinquent assessments on lands in the Cypress Creek Drainage District. This procedure is very similar to that contained in the general drainage district law, as found in Sec. 21-546 Ark. Stats. The Cypress Creek Drainage District enforces the collection of delinquent assessments by chancery proceedings; and after the lands are sold by the commissioner, there is a period of two years for redemption by the owner or any person claiming under him. There is no provision in the Cypress Creek Drainage District act which joins the State and County tax forfeiture with the delinquent assessments of the Cypress Creek District.

The Southeast Arkansas Levee District was created by Act No. 83 of 1917; and there is a rather peculiar provision regarding the delinquent assessments due that District as tied in with the delinquent State and County taxes. In the recent case of *Beck* v. *DeFir,* 227 Ark. 112, 296 S. W. 2d 396, Chief Justice Lee Seamster discussed with great clarity the Act No. 83 of 1917 involving the Southeast Arkansas Levee District. It was pointed out that if any lands in the said District became delinquent for State and County taxes and assessments due the Southeast Arkansas Levee District, then — in default of other bidders at the regular tax sale for State and County taxes and Levee assessments — the lands were automatically sold to the Southeast Arkansas Levee District for State and County taxes as well as for the assessments of the Southeast Arkansas Levee District; but the Levee District was not required to pay its bid until the expiration of the time for redemption.

It was also pointed out, in the said opinion, that the Southeast Arkansas Levee District was required to file a suit in the chancery court to confirm its tax title, and that any owner might effect a redemption at any time before final decree of confirmation. It was also pointed out that the Southeast Arkansas Levee District had never filed any such confirmation suit, as required by statute, and, therefore, the land owner still

had a right to redeem from the delinquent State and County taxes and delinquent Southeast Arkansas Levee District assessments. Chief Justice Seamster said:

"In the instant case, at the time of the trial, the Levee District had never filed, in the Desha Chancery Court, a suit to confirm its tax title in the land here involved. The Levee District could only convey to appellants such title as it had procured. Its title was subject to redemption by any individual owner at any time before the confirmation decree, confirming its tax title, was finally entered of record."

The case of *Beck* v. *DeFir* has direct application to the case at bar because, here, the lands involved were forfeited to the Southeast Arkansas Levee District for the State and County taxes of 1948 and subsequent years, as well as for the delinquent assessments due the Southeast Arkansas Levee District for 1948 and subsequent years; *and the Southeast Arkansas Levee District never filed any confirmation suit at any time.* So, Wells, as the owner (claiming under Daisy Edwards, as aforesaid), had the right to effect a redemption from the delinquent taxes due the State and County and the delinquent assessments due the Southeast Arkansas Levee District. He tendered into court in this case such required amount. The deed from the Southeast Arkansas Levee District to Brown conveyed only the "lien-claim" of the Southeast Arkansas Levee District; and Brown was required to have his title confirmed before the equity of redemption of Wells could be cut off. Brown did not have his title confirmed; so Wells, as the owner, was entitled to exercise the right of redemption. As aforesaid, it is the peculiar wording of the Act of the Southeast Arkansas Levee District (Act No. 83 of 1917) that brings about the stated result.

II. *Brown's A t t e m p t e d Redemption From Cypress Creek Drainage District.* The agreed statement of facts recites:

"On November 12, 1952, the date of the purchase[5] from Southeast Arkansas Levee District of its title acquired by virtue of sale for non-payment of 1948 general taxes and levee taxes, appellant, W. C. Brown, also attempted to redeem said lands from all delinquent assessments in Cypress Creek Drainage District. The Board of Commissioners of said Drainage District would not permit redemptions to be made in the office of the Chancery Clerk of Chicot County, Arkansas. Persons desiring to redeem lands were required to go beyond the limits of Chicot County, Arkansas, to the office of the attorney for the District to effect redemptions. Appellant, W. G. Brown, on November 12, 1952, made a trip to the office of the attorney for the District in an attempt to redeem said lands from all delinquent assessments in said District but was advised that said attorney was on a deer hunt and that said redemption could not at that time be effected. Appellant, W. G. Brown, thereupon requested information as to the sum required to redeem and was advised that said sum could not be determined. Whereupon, appellant requested that a statement of said amount be prepared and mailed to him for immediate payment. Such statement was never furnished."

Brown claims that his conduct, as reflected by the foregoing recitals, amount in equity to a redemption. He says: "The action of W. G. Brown, in attempting to effect a redemption of the lands involved in this action from all sales and delinquencies of Cypress Creek Drainage District on November 12, 1952, was equivalent to a redemption thereof and said District had no title to convey to plaintiff, H. W. Wells."

To support his contention, Brown cites *Wilkins* v. *Lemon*, 182 Ark. 953, 33 S. W. 2d 1093; and *Botts* v. *Stephen*, 203 Ark. 1031, 160 S. W. 2d 198. But the conduct of Brown in the case at bar falls short of the conduct of the parties who sought redemption in each of the cited cases. In *Wilkins* v. *Lemon, supra,* the party seeking

---

[5] Brown's deed from Southeast Arkansas Levee District was dated November 26, 1952, as previously recited; but he paid his money for that deed on November 12, 1952.

to redeem actually inquired of the agent of the improvement districts the amount necessary to redeem from all delinquencies; the agent stated the amount; and same was actually paid. Later it developed that the agent of the district had overlooked an item of $5.90. This Court held that the person seeking to redeem had acted in good faith and should be subsequently allowed to redeem for the $5.90 overlooked by the agent of the improvement district. Likewise, in *Botts* v. *Stephen, supra,* the person desiring to redeem inquired of the agent of the improvement district for the correct amount, and paid what was claimed by the district as the full amount necessary to redeem. This Court held that such payment was in fact redemption.

In the case at bar, according to the stipulated facts, Brown merely sought to inquire, on November 12, 1952, how much it would cost to redeem the lands; he never received a statement of the cost of redemption; never pursued the matter any further; never paid any amount for redemption; and on December 18, 1952 — one month and six days after Brown's attempted inquiry — the Cypress Creek Drainage District executed a deed to appellee Wells. It will be observed that Brown never paid any money to the Cypress Creek Drainage District; never made any tender of money; and did nothing for over a month after attempting to make his alleged inquiry on November 12, 1952. We hold that Brown did not bring himself within the rule of the two cited cases; that he did not pursue his effort to redeem with sufficient diligence[6]; and that his claim of attempted redemption is without merit.

Affirmed.

ROBINSON, J., not participating.

[6] As bearing generally on this matter of efforts at redemption, see 85 C.J.S. 231 and 85 C.J.S. 304.